Pearson, J.
 

 This was a
 
 scire facias,
 
 to charge the defendants, as bail, to which the plea is,
 
 no ca. sa. has been issued against the principal.
 
 To this the plaintiff demurs, relying on the Act of 1844, ch. 31, sec. 3.
 

 We concur with his Honor, that “ because of the broad language of the statute, no
 
 ca. sa.
 
 was necessaiy.” The first section provides, that hereafter no
 
 ca. sa.
 
 shall be issued upon any judgment, rendered either in Court or by a Justice of the peace, unless there is an affidavit charging the defendant with fraud. The third section provides, that a plaintiff in any judgment, may proceed by
 
 scire facias
 
 to charge the bail, without having previously issued a
 
 ca. sa.
 
 against the defendant in such judgment. This is certainly
 
 broad language,
 
 and must include every judgment, unless there be some strong reason for making an exception in regard to one class of judgments.
 

 It is said, judgments in actions
 
 ex delicto
 
 are not within the operation of the Statute; and we are referred to the caption of the Statute, “An Act more effectually to prevent the imprisonment of honest debtors;” and it is insisted, the Statute only protects such honest debtors as are within the operation of the Act of 1822, viz. debtors by matter
 
 ex contractu.
 
 There is some plausibility in the suggestion, but to authorize a construction, by which to exclude from tire operation of tire Statute more than one half of all the cases that are included- by its words, there should be, not a plausible, but a conclusive argument — a demonstration.
 

 We admit that where the words are vague and the meaning uncertain, the preamble, nay, even
 
 the caption
 
 may be called in aid, for the purpose of construction. (In making this concession, we violate the authorities of Dwarris on Statutes.) Are the words
 
 *133
 
 of the Statute vague, and the meaning uncertain ? If ever a Statute did use words full and certain, so as to include all judgments, the Statute under consideration does so. After judgment, is rendered against one for a trespass or other matter
 
 ex
 
 delicto, is not that judgment a debt? He is then a debtor. His administrator would be bound to consider it a debt of record. The stress then is laid upon the word “ honest,” which is used in the caption of the Act; and we are reminded, that is the very word used in the Act of 1822, by which honest debtors may give bond for their appearance, and need not remain in jail twenty days before taking the oath for the relief of insolvent debtors. That is so; but can the enacting words of a Statute be thus contracted by the words used in the caption ? Can the caption be allowed to take out of the operation of the Act, one half or nearly so of tire cases included by its words?
 

 The Act of 1715, by which debtors were allowed to swear out, after remaining in jail twenty days (commonly called the
 
 “
 
 forty shilling law
 
 ”)
 
 was construed to include only debtors taken in execution on judgments upon actions
 
 ex contractu-
 
 The Act of 1822, by which debtors were allowed to give bond to appear at Court and taire the oath, was also, by construction, confined to defendants in judgments on actions
 
 ex contractu.
 
 The Act of 1840, amending the Act of 1715 was then passed, by which it is provided, that all persons confined in jail upon a
 
 ca. sa.,
 
 issuing-on a judgment in an action
 
 ex
 
 delicto, after remaining in jail twenty daj's, shall be discharged upon taking the insolvent debt- or’s oath. Thus debtors by .judgments on matters
 
 ex
 
 delicto, are by the Act of 1840 put on the same footing as debtors by judgments on matters
 
 ex
 
 contractu, by the Act of 1715. Then comes the Act of 1844, which, by its broad language, includes debtors as well of the one kind as of the other, and completely wipes out. tire distinction, by including all judgments, except in cases where mi affidavit charging fraud is filed. The word
 
 “
 
 honest” iu the. caption, on which stress is laid, may as well be referred to the provision that all persons shall have the benefit of the Act, and he considered “honest debtors,” unless there be an affidavit, charging them with fraud, as to tire caption of the Act of 1822.
 

 
 *134
 
 There is, from 1715 down to 1844, a decided expression, that the Legislature, influenced by the feeling of the age, intended to provide that no person should be imprisoned, except for crime or contempt. We do not feel at liberty to stand in the way of, or in any wise resist, this enlightened feeling, and to say, in spite of the broad words used in the Statute, a citizen may be
 
 imprisoned twenty
 
 days, not for crime or contempt, but because he is too poor to pay the costs and damages assessed against him in a Court action — in other words, too poor to pay his debts. Nor can we, by construction, involve the proceeding against bail in all the difficulties presented by the famous case of
 
 Trice
 
 v.
 
 Turrentine,
 
 which was intended to be avoided in future by the broad words used in the third section of the Statute under consideration, simply because it is entitled “ An Act more effectually to prevent the imprisonment of
 
 honest
 
 debtors.”
 

 Per Curiam. Judgment affirmed.