## IN RE JOHN CHISHOLM'S WILL.

(Filed 16 October, 1918.)

1. **Judgments—Consent—Contracts.**

   A judgment entered with the consent of the parties is a contract between them in respect to the subject-matter.

2. **Same—Date of Payment—Delayed Payment—Interest.**

   Where a consent judgment for a recovery of a certain sum is made a lien on lands, and by its terms payable ninety days from its rendition, it bears interest from the first day of the term, the time given being merely for the purpose of raising the money for its payment; and where the only question submitted to the court is whether interest is chargeable from the date it was payable to a further period beyond, interest for such extended period at the rate of 6 per cent should be allowed.

3. **Judgments—Contracts—Interest—Caption—Statutes—Interpretation.**

   In Revisal, sec. 1954, the heading punctuated "Contracts, except penal bonds and judgments to bear" (interest), etc., should be read as if a comma had been placed between the word "bonds" and the words "and judgments."

In re Chisholm's Will.

Appeal by propounders from *Calvert, J.*, at April Term, 1918, of Hoke.

In this proceeding a consent judgment was entered at August Term, 1917, of Hoke, providing, among other things, that the caveator, M. A. Chisholm, was indebted to the propounders, Mrs. Sallie Covington, Mrs. Maude Steele, and Zebbie Harris, in the sum of $6,000, to be paid within ninety days after the signing of the judgment. Payment was not made or tendered until three and one-third months after the said ninety days had expired. The propounders claim interest at 6 per cent on the $6,000 for said three and one-third months.

From the judgment that the propounders were not entitled to interest on the said $6,000 for the three and one-third months the propounders appealed.

*J. W. Currie for propounders.*
*No counsel contra.*

Clark, C. J. The only exception is for error in disallowing the $100, interest for the three and one-third months elapsing after the expiration of the ninety days. The $6,000 was paid six and one-third months after judgment signed, without prejudice to either side as to the liability for the said interest.

A consent judgment is a contract between the parties thereto. *Bank v. Commissioners,* 119 N. C., 214; *Bunn v. Braswell,* 139 N. C., 135. The consent judgment specifies that the $6,000 should be a lien upon the land of the *caveator* which was pleaded as security for the indebtedness. The *caveator* not having paid at the specified date, we can find no reason that said sum should not bear interest during the delay to make payment after the stipulated date. Rev., 1954, in the chapter on "Interest," provides: "All sums of money due by contract of any kind whatsoever, excepting money due on penal bonds, shall bear interest; and when a jury shall render a verdict therefor, they shall distinguish the principal from the sum allowed as interest; and the principal sum due on all such contracts shall bear interest from the time of rendering judgment thereon until it be paid and satisfied." Said section further provides: "In like manner, the amount of any judgment, or decree, except the costs, rendered or adjudged in any kind of action, though not on contract, shall bear interest till paid, and the judgment and decree of the court shall be rendered according to this section."

The learned judge was probably misled by the punctuation of the heading, which reads: *"Contracts, except penal bonds and judgments to bear; jury to distinguish principal from."* There should have been a comma after the word "bonds," as the text of the section plainly shows.

The meaning of the headline is, evidently, "Contracts (except penal bonds) and judgments to bear" interest.

Though the caption of a statute may be called in aid of construction, it cannot control the text when it is clear. *Blue v. McDuffie,* 44 N. C., 131; *Hines v. R. R.,* 95 N. C., 434; *Jones v. Ins. Co.,* 88 N. C., 500; *S. v. Woolard,* 119 N. C., 779. Especially is this true as to the headings of a section in the Code prepared by the compilers. *Cram v. Cram,* 116 N. C., 288.

If, as we understand the face of the consent judgment, the $6,000 was due at that date by reason of the arrangement and settlement as to the estate then made, the reasonable construction is, that said sum would bear interest from the first day of the term, as is the rule with judgments, and that the ninety days delay did not arrest the running of interest, but was merely time given in which to raise the money. This is the natural and legal effect of such order. Just as when there is a decree of fore-closure and ninety days given, there is no cessation of the interest, which continues to run. But in this case, by consent, the only question submitted to the Court is whether or not the *caveator* is liable for the $100 interest accruing on the $6,000 during the three and one-third months after the lapse of the ninety days. No demand is necessary as to contracts and judgments to set the interest running. The statute does that.

The propounders are entitled to recover said $100, with the interest thereon, and the costs.

Reversed.