R. D. DUNN ET AL. V. FRED DOUGLAS DUNN ET AL.

(Filed 8 October, 1930.)

1. **Statutes B a—Caption of statute may be referred to in interpretation only when body of statute is ambiguous.**

Only when the body of a statute is ambiguous and its meaning doubtful may its caption be referred to in its interpretation, and the caption may not contradict the clear meaning of the words used in the statute, especially when the caption has been made by commentators and not by the Legislature itself.

2. **Bastards C a—Petition for legitimating bastards may be addressed directly to the judge.**

The requirements of C. S., 277 (Revisal, 263), as to the procedure and jurisdiction of legitimating children by their father, is that "the putative father of any illegitimate child may apply by petition in writing to the Superior Court of the county in which he resides . . . and if it appears that the petitioner is reputed the father of the child, the court may thereupon declare and pronounce the child legitimated; and the clerk shall record the decree," and *Held,* the action of the judge of the court having jurisdiction in passing upon the matter is within the intent and meaning of the statute, and his decree is not void upon the ground that the petition should have been originally addressed to the clerk of the court.

APPEAL by plaintiffs from *Midyette, J.,* at January Term, 1930, of LENOIR.

Civil action in ejectment brought by collateral relations of Charles F. Dunn, deceased, against his alleged illegitimate children.

The plaintiffs allege that they are the heirs at law and next of kin to Charles F. Dunn, late of the county of Lenoir, State of North Carolina, and entitled to all the property, real and personal, of which he died seized and possessed; that the defendants, illegitimate children of the said Charles F. Dunn, have, since his death intestate, February, 1929, entered into possession of the lands left by him and taken possession of his personal property, under the mistaken belief that they were duly legitimatized by order of Lenoir Superior Court, entered at the August Term, 1914, and that such action on the part of the defendants is wrongful and unlawful. It is further alleged that the attempted legitimation proceeding, set out in full in the complaint, is null and void, for that, the petition, admittedly sufficient in substance, was addressed to the judge at term, rather than to the clerk; wherefore plaintiffs demand possession of the premises, damages, etc.

The substance of the petition is as follows:

"To Hon. Frank A. Daniels, judge presiding:

"Charles F. Dunn, your petitioner, comes into court and respectfully showeth that he is the putative father of the following named illegitimate children, to wit, Fred Douglas, Abe Lincoln, James Blaine and Ben Butler, . . . recognized by your petitioner, and bear his surname, therefore, he respectfully prays that the court declare them to be the legitimate children of the petitioner."

The order entered thereon by the judge at term purports to legitimate said children, according to the prayer of the petition.

From a judgment sustaining a demurrer, interposed by the defendants, on the ground that the complaint does not state facts sufficient to constitute a cause of action, the plaintiffs appeal, assigning error.

*Rountree & Rountree, Powers & Elliott and Geo. B. Greene for plaintiffs.*

*Charles F. Rouse, of Rouse & Rouse, for defendants.*

STACY, C. J. Was, and is, the judgment purporting to legitimate the defendants, entered by the judge at term, valid, or is it null and void, because, under the law in force at the time, the original jurisdiction of petitions for legitimation was conferred on the clerk and not on the judge?

The pertinent statute operative in 1914 was Rev., 263, now C. S., 277, which reads as follows:

"The putative father of any illegitimate child may apply by petition in writing to the Superior Court of the county in which he resides, praying that such child may be declared legitimate; and if it appears that the petitioner is reputed the father of the child, the court may thereupon declare and pronounce the child legitimated; and the clerk shall record the decree."

The body of this statute assumed its present form as early as 1855 (Revised Code of N. C., ch. 12, sec. 8), and has remained unchanged up to the present time. In the Code of 1883 (sec. 39), its caption was "Illegitimate children may be legitimated by Superior Court at term," while in the Revisal of 1905, the caption was changed to "Procedure for legimating bastards," and in the Consolidated Statutes the caption reads, "Legitimation of bastards."

Where the meaning of a statute is doubtful, its title may be called in aid of construction *(Freight Discrimination Cases, 95 N. C., 434);* but the caption will not be permitted to control when the meaning of the text is clear. *In re Chisholm's Will, 176 N. C., 211, 96 S. E., 1031.* Especially is this true where the headings of sections have been prepared by compilers and not by the Legislature itself. *Cram v. Cram, 116*

N. C., 288, 21 S. E., 197. Moreover, it does not appear that the instant caption imports a meaning contrary to the body of the text. See chapter 73 of the Consolidated Statutes on the subject of "Statutory Construction."

A similar question to the one here presented arose in the case of *Fowler v. Fowler*, 131 N. C., 169, 42 S. E., 563, while the statute bore the caption appearing in the The Code of 1883, but was not decided, as the subsequent marriage of the parents in that case itself wrought a legitimation, and thereby rendered it unnecessary for the court to determine the procedural question.

It is the contention of the plaintiffs that as the *Fowler case* was started before the clerk, the Legislature thereafter changed the caption so as to give approval to this procedure, but we think it can make no difference, under the body of the act, whether the petition reach the judge through the clerk, or is presented to him direct. In either event, his judgment would seem to be valid. The language of the statute is, that the putative father may apply by petition in writing "to the Superior Court . . . the court may thereupon declare . . . and the clerk shall record the decree." McIntosh's N. C. Practice and Procedure, 62.

Affirmed.