# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2361

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United |
| v. | * | States District Court for the |
| | * | Western District of Missouri. |
| Hakeem Abdul Malik, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2003

Filed: October 9, 2003

_____

Before HANSEN,[1] Chief Judge, RILEY, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

A jury convicted Hakeem Abdul Malik (Malik) of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). Malik appeals the admission of evidence that an unidentified male told police officers Malik possessed a firearm and expressed a willingness to use the firearm on police officers. We affirm.

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

## I.    BACKGROUND

In the early morning hours of June 24, 2001, at about 2:15 a.m., an unidentified male informant, approximately 35 to 40 years old, approached police officers and reported he overheard a young black male say he had a gun and would be willing to use it against the police department if anything happened. The informant identified Malik to the officers. At the time, the officers were on foot patrol of a Kansas City, Missouri entertainment area called Westport. Westport, which attracts 2000 to 3000 people on Friday and Saturday nights, has a history of assaults, robberies, and police officers being the victims of crime.

Two officers waited for Malik to leave a crowd and then approached him from behind. Malik looked over his shoulder and saw one of the officers. The officers asked Malik to show his hands. Malik flinched and the officers grabbed his arms. Malik struggled, pulled away and ran. The officers chased Malik several blocks before stopping and arresting him. One officer testified that, during the chase, he saw Malik hold his pants in the crotch area while he ran. The second officer cut off Malik, and as Malik approached him, the officer saw Malik reach with both hands into the  waistband of his pants and remove a silver gun. Malik lost his grip on the gun and tried to catch it, but the gun landed in the street. That officer recovered a Raven Arms MP .25 caliber semi-automatic lying in the street. The gun was loaded and did not have a trigger lock. The officers later found a second weapon, a semi-automatic handgun, where they initially confronted Malik. However, the officers had not seen this second weapon on Malik before finding it on the ground.

Malik called a witness who testified she met Malik the night he was arrested, and she hugged and talked with him before the chase. She testified she felt Malik's chest down to his groin area, and did not feel or see a weapon. Malik did not tell her he had a weapon, nor did she see him drop or throw a weapon. However, the witness admitted she did not see the officers take Malik to the ground to effect the arrest.

On the morning of trial, Malik's counsel argued to exclude the informant's statements to police officers reporting Malik had a gun and was willing to use it on police officers. The district court[2] denied the motion in limine. Malik's counsel did not make any objections to the testimony at trial, but did request an instruction, which the district court included in the final instructions, informing the jury the testimony about the informant's statement could only be used as it related to the officers' subsequent actions, not to prove Malik possessed a gun. At the conclusion of the one-day trial, a jury convicted Malik of being a felon in possession of a firearm. The district court sentenced Malik to 262 months imprisonment. Malik challenges his conviction on appeal, arguing the district court erred by denying his motion in limine to exclude the informant's statements.

## II.   DISCUSSION

"Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection . . . to preserve a claim of error for appeal." Fed. R. Evid. 103(a) (2000). Here, the ruling on the motion in limine occurred immediately before the start of trial. The context of the ruling included directions to the witnesses. There is no doubt the ruling was definitive.

We review the district court's admission of evidence for an abuse of discretion. United States v. Walrath, 324 F.3d 966, 970 (8th Cir. 2003) (standard of review). However, Malik appeals, not the admission of the evidence, but the denial of his motion in limine. Malik claims his right to cross-examination was impeded, a violation of his Sixth Amendment right to confront the witnesses against him. His argument does not change our standard of review.

---

[2]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Malik contends the statements of the informant relayed to the jury through the testimony of the police officers were hearsay, highly prejudicial and not relevant. "When the out-of-court statement has relevance when we only consider the effect it had on those who heard (or read) it–not whether the statement was true or not, but just its effect on those who heard it–then the statement is not hearsay." G. Michael Fenner, THE HEARSAY RULE 31 (2003); see Fed. R. Evid. 801. For example, "[a]n out-of-court statement is . . . not hearsay if it is offered, not for the truth of the matter asserted, but instead to explain the reasons for or propriety of a police investigation." United States v. Davis, 154 F.3d 772, 778 (8th Cir. 1998). "We have held, however, that evidence may not be admitted for the non-hearsay purpose of explaining an investigation where the propriety of the investigation is not a relevant issue at trial." Id. Malik argues the propriety of the investigation was not an issue. We disagree. The testimony of Malik's witness, that she did not see or feel a gun on Malik nor did she see him drop or throw a weapon, placed the officers' credibility at issue, suggesting the officers planted or lied about the weapon dropped by Malik. See United States v. Watson, 952 F.2d 982, 987 (8th Cir. 1991) (affirming admission of an informant's tip containing an alleged hearsay accusation, because, "[a]lthough the brothers insist the reasons behind the investigation were not in issue, their defense relied extensively on the claim that Detective Williams was fabricating or distorting the evidence against them").

Inclusion of the informant's entire statement was relevant and warranted to explain the police conduct and to bolster the officers' credibility. An individual's possession of a weapon is not necessarily a crime. The unidentified male informant did not indicate Malik was a felon or was otherwise illegally in possession of the gun. The full statement, including that Malik said he would be willing to use his gun against the police, provided the probable cause for the specific investigatory inquiry and the pursuit. The officers had information Malik could be dangerous, specifically to police. A redacted statement, that Malik possessed a gun, would not adequately or truthfully explain why the officers approached, confronted, grabbed and chased

Malik. When Malik made the strategic decision to call a witness to challenge the officers' credibility about Malik's gun possession, the informant's entire statement became relevant and not unduly prejudicial.

Because we find the informant's statements admissible, there was no violation of Malik's rights under the Confrontation Clause. See id. The court also instructed the jury on the limited nature of the evidence. Therefore, we find no abuse of discretion in admitting the informant's complete statement to explain the officers' actions and corroborate the officers' testimony.

## III. CONCLUSION

Because we find no abuse of discretion we affirm.

MELLOY, Circuit Judge, concurring.

I believe that the portion of the challenged hearsay statement in which Malik allegedly threatened to harm police officers should have been redacted as unduly prejudicial. However, given other properly admitted testimony and evidence in the case, I believe the error was harmless, and thus I concur in affirming the judgment.

Malik was charged and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). The essential elements of this offense are: (1) that the defendant knowingly possessed a firearm; (2) that the defendant had previously been convicted of a felony; and (3) that at some time prior to the defendant's possession of the firearm, it was transported across state lines. United States v. Horsman, 114 F.3d 822, 824 (8th Cir. 1997). Malik stipulated to the second and third elements, and thus the only disputed issue for trial was whether Malik knowingly possessed a firearm.

At trial, the district court allowed the officers to testify that an unidentified male approached them and reported overhearing the defendant say he had a gun and would be willing to use it against police if necessary. The court admitted the hearsay

testimony in its entirety on the ground that it was offered not for the truth of the matter asserted but to explain the police officers' motivation in approaching the defendant.

The majority concludes that the entire statement was relevant and admissible for two reasons. First, to explain the police officers' conduct in approaching and stopping Mr. Malik and, secondly, to bolster the officers' credibility.

As to the first reason, I agree that in certain circumstances a statement may be admitted in order to explain why a police officer took certain action. See,e.g., Suggs v. Stanley, 324 F.3d 672, 681-82 (8th Cir. 2003); United States v. Brown, 110 F.3d 605, 609 (8th Cir. 1997). Thus, I agree that the district court did not abuse its broad discretion in admitting that portion of the statement in which the unidentified informant advised the police officer that Malik possessed a gun. However, I see no justification for admission of that part of the hearsay statement in which Malik allegedly threatened to use the gun on police. Use of hearsay to explain a police officer's actions should be the exception, not the general rule, and carefully limited to the facts of the case.

Under Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Fed. R. Evid. 403 advisory committee's note, quoted in United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002). Here, the suggestion that Malik is a potential cop-killer is irrelevant to the crime charged which turns only on knowing possession of a firearm. Otherwise inadmissible hearsay does not become admissible merely to establish probable cause. Whether a police officer had probable cause to commence an investigatory stop is not an issue for the petit jury. Accordingly, the hearsay testimony should have been redacted to avoid admission of what I perceive as an unduly inflammatory statement. See id. (finding abuse of discretion by district court where admitted hearsay testimony that assault suspect offered to sell undercover officer marijuana "unnecessarily created a risk of unfair prejudice that outweighed its

probative value" and noting no conceivable reason why the evidence, if assumed relevant to arrest context, could not have been redacted).

The majority also concludes that the statement is admissible to bolster the officers' credibility on the issue of whether Malik possessed a gun. The credibility dispute in this case concerns whether the officers truthfully testified when they said they saw Malik remove and drop a silver gun. It seems to me that this is the type of hearsay that is clearly excluded by the hearsay rule. An out of court statement (the unidentified male statement that he saw Malik with a gun) is used to prove the truth of the matter asserted (that Malik possessed a firearm). The fact that Malik challenged the credibility of the officers' testimony on this issue does not make the statement admissible. Under the majority's holding, the police officers would be allowed to testify about a statement made by any third party, even weeks after the incident, who claim to have seen Malik with a gun. I believe that clearly violates the hearsay rule and raises serious Sixth Amendment constitutional concerns.

I concur in the judgment, however, because I believe admission of the statement was harmless error. See United States v. Fletcher, 322 F.3d 508, 518 (8th Cir. 2003) (applying harmless error review to erroneous admission of hearsay testimony); Lupino, 301 F.3d at 645 ("Even where we find that the district court has abused its discretion with respect to an evidentiary ruling, we will not reverse the conviction if the error was harmless."). "The test for harmless error is whether the erroneous evidentiary ruling 'had a "substantial influence" on the jury's verdict.'" Id. (quoting Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995)).

In this case, the improper statement went only to the police officers' motivation in approaching Malik. The crux of this case, as relevant to the offense charged, turns on what happened after the officers' initial approach, and it is clear that the evidence and testimony from that point on were unaffected by the erroneously admitted statement. In other words, absent the improper testimony, the trial would have proceeded in exactly the same manner, and the jury would have evaluated exactly the same evidence as relevant to the felon-in-possession charge. See id. at 646 (finding

harmless error in erroneous hearsay admission "because there was abundant evidence to sustain [the defendant's] conviction without [the improperly admitted testimony]").

I also note as significant the fact that the final jury instructions included a limiting instruction cautioning the jury to consider the hearsay statements only for purposes of evaluating the police officers' subsequent conduct and not as proof of possession. See Jury Instruction No. 13, Clerk's record at 222. While such an instruction is not in itself sufficient to render the improper statement admissible, it further supports a conclusion that the error had no substantial influence on the jury, and therefore was, in this particular case, harmless. See Fed. R. Evid. 403 advisory committee's note (explaining that a Rule 403 determination on unfair prejudice should include consideration of the possible effectiveness or lack of effectiveness of a limiting instruction). In sum, given the substantive offense at issue, and viewing the error in the context of the entire trial, I see little risk that the jury's verdict was based on the improper testimony rather than the rest of the evidence before it. See Lupino, 301 F.3d at 647 (concluding that even if the jury believed that Lupino was a drug dealer based on improperly admitted hearsay, "such a belief would not make the other evidence of his guilt more credible or less credible" and finding it "doubtful that the jury reached its verdict on that basis and not on the basis of the other overwhelming evidence of his guilt"); United States v. Byler, 98 F.3d 391, 394 (8th Cir. 1996) (affirming conviction on harmless error grounds where "the [erroneously admitted hearsay] had no, or only slight, influence on the verdict").

——————————————————————