STATE OF NORTH CAROLINA v. MICAH LEE TUTT

No. COA04-821

(Filed 19 July 2005)

**1. Appeal and Error— preservation of issues—necessity of objection at trial—rulemaking authority of Supreme Court**

The Constitution of North Carolina vests the Supreme Court with the exclusive authority to make rules of practice and procedure for the appellate courts. Although N.C.G.S. § 8C-1, Rule 103(a)(2)(2004) permits appellate review of an evidentiary ruling without an objection at trial when the trial court has made a definitive ruling on the record admitting or excluding the evidence either at or before trial, that statute is inconsistent with Appellate Rule 10(b)(1). Although this defendant did not object at trial and preserve for appeal his objection to a photographic lineup, the merits of defendant's claim were addressed in the Court's discretion to prevent manifest injustice.

**2. Identification of Defendants— photographic lineup—not unduly suggestive**

A photographic lineup was not impermissibly suggestive where the photographs were not unduly suggestive and the evidence, although conflicting, supported the court's findings concerning the manner of the lineup.

Judge TYSON dissenting.

Appeal by Defendant from judgment entered 21 November 2003 by Judge Catherine C. Eagles in Superior Court, Guilford County. Heard in the Court of Appeals 8 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly W. Duffley, for the State.*

*Terry F. Rose for defendant-appellant.*

WYNN, Judge.

The Constitution of North Carolina vests our Supreme Court with exclusive authority to make rules of practice and procedure for the appellate division of the courts. N.C. Const. Art. IV, § 13 (2). In this case, N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2004) permits appellate review of an evidentiary ruling even though the party fails to object

at trial as required by N.C. R. App. P. 10(b)(1). Because N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) is inconsistent with N.C. R. App. P. 10(b)(1), we hold that the statute must fail. Nonetheless, in our discretion, we have reviewed the assignment of error and affirm the trial court's admission of the evidence.

The underlying facts of this matter tend to show that on 5 November 2002, Defendant Micah Lee Tutt and his brother entered a Quick Mart convenience store owned by Anh Vu's family in Greensboro, North Carolina. The door to the store was kept locked, and the owner's daughter let the two men in. Anh Vu ran to the front of the store after hearing her daughter start screaming. Defendant ran toward Anh Vu, pointed a large knife at her stomach, and pushed her to the cash register. When Anh Vu did not open the cash register, Defendant poked a hole into her stomach, which later became infected. Anh Vu opened the cash register, Defendant and his brother took cash and cigarettes, then fled the store.

After the robbery, J. R. Labarre, an officer with the Greensboro Police Department, arrived at the store. He took the store's security tape, which recorded the robbery, as evidence. He also interviewed Anh Vu, through an interpreter, and obtained a description of the robbers. She described one of the robbers as being an African-American male, about eighteen to nineteen-years-old, short hair, and wearing a gray jacket with writing on the front.

Detective G. R. Marks, also assigned to the case, made a photograph from the security tape to send to other districts in an attempt to locate the suspects. On 13 November 2002, Defendant was arrested on unrelated charges. The arresting officer noticed that Defendant matched the description of the Quick Mart robber and his jacket was similar. The officer notified Detective Marks of the arrest.

Thereafter, Detective Marks created a photographic lineup, consisting of Defendant and five other African-American males of a similar description. Anh Vu identified Defendant from the lineup as one of the robbers. Detective Marks testified that this was the first photograph of Defendant he showed Anh Vu. However, Anh Vu gave inconsistent testimony as to whether the first photograph she saw was the lineup or an individual photograph of Defendant wearing a gray jacket with writing.

Defendant was indicted for robbery with a dangerous weapon and conspiracy. On 3 November 2003, Defendant filed a written motion to suppress the pretrial photographic lineup identification.

Following a pretrial hearing, the trial court orally denied the motion to suppress, finding that the photographic lineup was not "unduly suggestive." The photographic lineup was admitted into evidence at trial, without objection by Defendant, and Anh Vu identified Defendant in court.

Defendant was found guilty by a jury of robbery with a danger-ous weapon and conspiracy. The trial court sentenced Defendant to twenty-seven to forty-two months imprisonment for the conspir-acy charge and a consecutive sentence of 103 to 133 months im-prisonment for the robbery with a dangerous weapon charge. Defendant appeals.

---

[1] Although Defendant failed to object at trial to the admission of the photographic lineup evidence, he argues on appeal that the trial court erred in denying his motion to suppress the pretrial photo-graphic lineup identification.

A pretrial motion to suppress is a type of motion *in limine. State v. Golphin,* 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000), *cert. denied,* 532 U.S. 931, 149 L. Ed. 2d 305 (2001), *disc. review denied,* 358 N.C. 157, 593 S.E.2d 84 (2004). Our Supreme Court has consistently held that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to fur-ther object to that evidence at the time it is offered at trial." *State v. Hayes,* 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (per curiam) (cita-tions omitted); *see also State v. Dennison,* 359 N.C. 312, 608 S.E.2d 756 (2005) (per curiam) (in light of discussion below the trial judg-ment was on 20 May 2002, before the amendment); *Martin v. Benson,* 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998); N.C. R. App. P. 10(b)(1). Rulings on motions *in limine* are preliminary in nature and subject to change at trial, depending on the evidence offered, and "thus an objection to an order granting or denying the motion is insufficient to preserve for appeal the question of the admissibility of the evidence." *T & T Dev. Co. v. S. Nat'l Bank of S.C.,* 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. review denied,* 346 N.C. 185, 486 S.E.2d 219 (1997) (citation omitted). Therefore, Tutt's pretrial motion to sup-press is not sufficient to preserve for appeal the question of the admissibility of the photographic lineup because he did not object at the time the lineup was offered into evidence.

The General Assembly, however, recently amended Rule 103(a) of the North Carolina Rules of Evidence to provide: "Once the court

makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) (2004). This amendment applies to rulings made on or after 1 October 2003. 2003 N.C. Sess. Laws ch. 101. As the trial in the instant case began on 18 November 2003, the amended Rule 103(a) is applicable.

However, Rule 103(a)(2) of the North Carolina Rules of Evidence is in direct conflict with Rule 10(b)(1) of the Rules of Appellate Procedure as interpreted by our case law on point.[1] Under the Constitution of North Carolina, "[t]he Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division." N.C. Const. Art. IV, § 13 (2). Thus, we address whether N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) seeks to make a rule of "procedure and practice for the Appellate Division" that lies within the exclusive authority of our Supreme Court.

In *State v. Stocks*, 319 N.C. 437, 355 S.E.2d 492 (1987), our Supreme Court addressed a similar issue wherein it struck down N.C. Gen. Stat. § 15A-1446(d)(5) (1986) to the extent that it conflicted with N.C. R. App. P. 10(b)(3).

> N.C.G.S. 15A-1446(d)(5) provides that errors based upon insufficiency of the evidence may be the subject of appellate review even though no objection, exception or motion has been made in the trial division. N.C.R. App. P. 10(b)(3), however, provides that a defendant 'may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial.' To the extent that N.C.G.S. 15A-1446(d)(5) is inconsistent with N.C.R. App. P. 10(b)(3), the statute must fail. *Citations omitted.*

*Stocks*, 319 N.C. at 439, 355 S.E.2d at 493.

Moreover, in *State v. Bennett*, 308 N.C. 530, 302 S.E.2d 786 (1983), our Supreme Court addressed this issue wherein it struck down N.C. Gen. Stat. § 15A-1446(d)(13) (1982) and part of N.C. Gen. Stat. § 15A-1231(d) (1982) to the extent that it conflicted with N.C. R. App. P. 10(b)(2).

---

1. The amendment to Rule 103 is in direct conflict with our Supreme Court's interpretation of Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure. *See Dennison*, 359 N.C. 312, 608 S.E.2d 756; *Hayes*, 350 N.C. at 80, 511 S.E.2d at 303. As the Supreme Court has the Constitutional authority to make "rules of procedure and practice" for the State's appellate courts, we defer to its interpretation of Rule 10(b)(1).

G.S. 15A-1446(d)(13) allows for appellate review of errors in the charge to the jury 'even though no objection, exception or motion has been made in the trial division.' Rule 10(b)(2) states: 'No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . .' Rule 10(b)(2) is a rule of appellate practice and procedure, promulgated by the Supreme Court pursuant to its exclusive authority under the Constitution of North Carolina, Article IV, Section 13(2). To the extent that G.S. 15A-1446(d)(13) is inconsistent with Rule 10(b)(2), the statute must fail. *See State v. Elam,* 302 N.C. 157, 273 S.E.2d 661 (1981). We also note that G.S. 15A-1231(d) states in part that '[f]ailure to object to an erroneous instruction or to the erroneous failure to give an instruction does not constitute a waiver of the right to appeal on that error in accordance with G.S. 15A-1446(d)(13).' Inasmuch as this section also conflicts with Rule 10(b)(2), it too must fail.

*Bennett,* 308 N.C. at 535; 302 S.E.2d at 790.

Similarly, our Supreme Court addressed this issue in *State v. Elam,* 302 N.C. 157, 160, 273 S.E.2d 661, 664 (1981), when it struck down N.C. Gen. Stat. § 15A-1446(d)(6) (1980) to the extent that it conflicted with N.C. R. App. P. 10 and 14(b)(2).

G.S. 15A-1446 (d) (6) [] provides:

Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.

(6) The defendant was convicted under a statute that is in violation of the Constitution of the United States or the Constitution of North Carolina.

Subsection (6) of G.S. 15A-1446 (d) is in direct conflict with Rules 10 and 14 (b) (2) of the Rules of Appellate Procedure and our case law on the point. The Constitution of North Carolina provides that '[t]he Supreme Court shall have exclusive authority to make rules of practice and procedure for the Appellate Division.' N.C. Const. Art. IV § 13 (2). The General Assembly was without authority to enact G.S. 15A-1446 (d) (6). It violates our Constitution.

*Elam,* 302 N.C. at 160, 273 S.E.2d at 664.

As in *Stocks, Bennett,* and *Elam,* the statute in this case, N.C. Gen. Stat. § 8C-1, Rule 103(a)(2), seeks to make a rule of practice or procedure for the Appellate Division. Moreover, analogous to the statutes in those cases, Rule 103(a)(2) would allow appellate review of an evidentiary ruling even though the party failed to follow the Supreme Court's procedural requirements under N.C. R. App. P. 10(b)(1) mandating that the party further object at trial.

The "dissenting" opinion[2] states that Rule 103 is a rule of evidence and not one of practice and procedure for the appellate courts because it is placed in the Evidence Code of the North Carolina General Statutes. However, "[t]he law is clear that captions of a statute cannot control when the text is clear." *In re Appeal of Forsyth County,* 285 N.C. 64, 71, 203 S.E.2d 51, 55 (1974) (citing *In re Chisholm's Will,* 176 N.C. 211, 213, 96 S.E. 1031 (1918)). In Rule 103 the text makes it clear that this is a rule of practice and procedure of when evidence is preserved for appellate review. Therefore, regardless of the title and placement of Rule 103 by the General Assembly, the text of the rule makes it one of practice and procedure.

While the separate opinion is lengthy, we point out that we agree with its general statements of law. But we disagree with the conclusion of the separate opinion that Rule 103 is an evidentary rule, not an appellate procedural rule because: (1) the North Carolina Constitution vests with our Supreme Court the authority to make appellate rules of practice and procedure and (2) under N.C. R. App. P. 10(b)(1), our Supreme Court has long held that this rule is one of practice and procedure. *See Dennison,* 359 N.C. 312, 608 S.E.2d 756; *State v. Barden,* 356 N.C. 316, 332, 572 S.E.2d 108, 120 (2002), *cert. denied,* 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003); *State v. Grooms,* 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000), *cert. denied,* 534 U.S. 838, 151 L. Ed. 2d 54 (2001); *Hayes,* 350 N.C. at 80, 511 S.E.2d at 303; *Martin,* 348 N.C. at 685, 500 S.E.2d at 665.

We further disagree that a valid distinction of our Supreme Court's holdings in *Stocks, Bennett,* and *Elam* is that "the statute considered and held to be in conflict in each case was N.C. Gen. Stat. § 15A-1446 . . . ." Following that logic would lead to the absurd conclusion that if the General Assembly had moved its enactments

---

2. Since the separate opinion does not address whether the trial court erred in denying Defendant's motion to suppress, there is no dissent from the ultimate issue presented on appeal. Accordingly, any appeal should be directed towards obtaining discretionary review, which we urge our Supreme Court to grant in this case because of the importance of deciding the Rule 103 issue.

in *Stocks, Bennett,* and *Elam* to the evidence section, chapter 8C-1 of the North Carolina General Statutes, rather than under section 15A-1446, then our Supreme Court would have found those acts to have been constitutional. Instead, the common element of *Stocks, Bennett,* and *Elam* is that in each instance, our Supreme Court had enacted a rule of appellate practice and procedure under the authority granted to it under our Constitution, which the General Assembly sought to contravene by enacting contrary legislation. Likewise, in this case, our Supreme Court has enacted N.C. R. App. P. 10(b)(1), which the General Assembly seeks to contravene by enacting contrary legislation.

Finally, a protracted discussion of the identical Federal Rules of Evidence Rule 103 has no applicability to the issue in this case because North Carolina has, under section thirteen of its Constitution, granted our Supreme Court the exclusive authority to make rules of practice and procedure for the appellate division of the courts. N.C. Const. Art. IV, § 13. In contrast, the United States Constitution has no provision similar to that of section thirteen of the North Carolina Constitution. Accordingly, while in many instances interpretations of identical rules are generally persuasive for this Court, federal case law offers no guidance for deciding this issue.

In sum, we must hold that to the extent that N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) is inconsistent with N.C. R. App. P. 10(b)(1), it must fail.[3] *Stocks,* 319 N.C. at 438-39, 355 S.E.2d at 493; *Bennett,* 308 N.C. at 535, 302 S.E.2d at 790; *Elam,* 302 N.C. at 160, 273 S.E.2d at 664. Accordingly, we hold that Defendant did not properly preserve his objection to the lineup for appellate review. *Golphin,* 352 N.C. at 405, 533 S.E.2d at 198.

Nonetheless, as the Supreme Court did in *Stocks* and *Elam,* because it would be a manifest injustice to Defendant to not review his appeal on the merits after he relied on a procedural statute that was presumed constitutional at the time of trial, we have reviewed the evidence at our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 2; *see also Stocks,* 319 N.C. at 439, 355 S.E.2d at 493 ("While we thus are not compelled to do so, we have nevertheless reviewed the evidence in our discretion . . . ."); *Elam,* 302 N.C. at 161, 273 S.E.2d at 664 ("Within

---

3. In *State v. Rose,* 170 N.C. App. 284, 612 S.E.2d 336, *pet. for cert. filed* (296P05, 9 June 2005) and *In re S.W.,* 171 N.C. App. 335, —— S.E.2d —— (COA04-1138) (5 July 2005), while this Court cited Rule 103, it neither considered nor addressed the constitutionality of Rule 103.

our discretion, and in the exercise of our supervisory powers, we have decided to address the merits of defendant's constitutional claims."). After review, we conclude that the trial court did not err in denying the motion to suppress as the lineup was not impermissibly suggestive.

**[2]** When a motion to suppress identification testimony is made, the trial judge must conduct a *voir dire* hearing and make findings of fact to support his conclusion of law and rule as to the admissibility of the evidence. "When the facts found are supported by competent evidence, they are binding on the appellate courts." *State v. Freeman*, 313 N.C. 539, 544, 330 S.E.2d 465, 470 (1985). Although the trial judge in the instant case did not make written findings of fact and conclusions of law, she did issue oral findings and conclusions, albeit not separated.

Identification procedures so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification violate a defendant's right to due process. *State v. Harris*, 308 N.C. 159, 162, 301 S.E.2d 91, 94 (1983); *State v. Leggett*, 305 N.C. 213, 220, 287 S.E.2d 832, 837 (1982). This Court has said that to determine the suggestiveness of pretrial identification, the test is whether the totality of circumstances reveals a pretrial procedure so unnecessarily suggestive and conducive to irreparable mistaken identity as to offend fundamental standards of decency and justice. *Id.* If an identification procedure is not impermissibly suggestive, the inquiry is ended. *Freeman*, 313 N.C. at 544, 330 S.E.2d at 471. If the procedure is impermissibly suggestive, then it is necessary to determine whether "all the circumstances indicate that the procedure resulted in a very substantial likelihood of irreparable misidentification." *State v. Grimes*, 309 N.C. 606, 609, 308 S.E.2d 293, 294 (1983).

Due process does not require that all subjects in a photographic lineup be identical in appearance. *State v. Montgomery*, 291 N.C. 91, 100, 229 S.E.2d 572, 579 (1976). Nor is such a lineup impermissibly suggestive merely because the defendant has a distinctive appearance. *Freeman*, 313 N.C. at 545, 330 S.E.2d at 471. All that is required is that the lineup be fair and the investigating officers do nothing to induce the witness to select one subject rather than another. *Id.*

We find no substantial evidence of State action in the pretrial identification procedure that was impermissibly suggestive. As to the selection of the photographs used in the pretrial lineup, the trial court found that "[t]here's nothing that highlights the defendant as com-

pared to the other six (sic), and nothing about skin tone that makes one person different from any of the other five in any clear and obvious ways[.]" After reviewing the photographic lineup, we agree with the trial court that none of the five other photographs chosen indicates unfairness, nor are they unduly suggestive.

Defendant also argues that the manner in which Detective Marks showed the pretrial photographic lineup to Anh Vu was unduly suggestive. Defendant contends that from the testimony one could conclude that Detective Marks first showed Anh Vu an individual photograph of Defendant wearing a gray jacket with writing, and then showed Anh Vu the photographic lineup. However, the trial court found that "there was (sic) some differences about [Anh Vu's] testimony there. But the police officer's testimony was clear that he presented the lineup, M—1, to her first. And she picked the defendant's picture out. And only after that would he have shown the individual picture."

Detective Marks testified at the hearing that, although he was unsure of if he showed an individual picture of Defendant to Anh Vu, he would never have shown an individual picture to a witness before a lineup. However, there was some confusion as to Anh Vu's testimony. While the trial court recognized the witness's confusion, it gave weight to Detective Marks's testimony. As there is competent evidence in the record to support this finding of fact, it is binding on appeal. *Freeman*, 313 N.C. at 544, 330 S.E.2d at 470. Therefore, we agree with the trial court's conclusion of law that the manner in which the police showed the witness the photographic lineup was not unduly suggestive.

As the pretrial photographic lineup procedures were not impermissibly suggestive, the inquiry ends here. *Grimes*, 309 N.C. at 609, 308 S.E.2d at 294.

Affirmed.

Judge ELMORE concurs.

Judge TYSON dissents.

Tyson, Judge dissenting.

The majority holds N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) is inconsistent with Rule 10(b)(1) of the North Carolina Rules of Appellate

**STATE v. TUTT**

[171 N.C. App. 518 (2005)]

Procedure and strikes down as unconstitutional the General Assembly's enactment amending North Carolina's Rules of Evidence. Rule 103(a)(2) is a statutory rule of evidence, not of appellate procedure or practice. I respectfully dissent.

## I. Standard of Review

A presumption exists that "any act passed by the legislature is constitutional, and the court will not strike it down if [it] can be upheld on any reasonable ground." *Ramsey v. Veterans Commission,* 261 N.C. 645, 647, 135 S.E.2d 659, 661 (1964) (citations omitted). The unconstitutionality of the statute must appear beyond a reasonable doubt. *Turner v. Reidsville,* 224 N.C. 42, 46, 29 S.E.2d 211, 214 (1944); *Assurance Co. v. Gold, Comr. of Insurance,* 249 N.C. 461, 463, 106 S.E.2d 875, 876 (1959) ("Every presumption favors the validity of a statute. It will not be declared invalid unless its unconstitutionality be determined beyond a reasonable doubt.").

## II. Rules of Procedure and Practice

Our Supreme Court, under both constitutional and statutory authority, promulgates the North Carolina Rules of Appellate Procedure which includes requirements for the preservation of issues for review by the appellate courts. *See* N.C. Const. Art. IV § 13(2) ("The Supreme Court shall have exclusive authority to make rules of *procedure and practice* for the Appellate Division.") (emphasis supplied); *see also* N.C. Gen. Stat. § 7A-33 (2003) ("The Supreme Court shall prescribe rules of *practice and procedure* designed to procure the expeditious and inexpensive disposition of all litigation in the appellate division.") (emphasis supplied). However, it is the power of the General Assembly, not the courts, to adopt Rules of Evidence and Civil Procedure. *State v. Lassiter,* 13 N.C. App. 292, 297, 185 S.E.2d 478, 482 (1971) ("It is well settled in this State that it is within the power of the General Assembly to change the rules of evidence . . . .") (citation omitted), *cert. denied,* 280 N.C. 495, 186 S.E.2d 514 (1972); *Bockweg v. Anderson,* 328 N.C. 436, 452, 402 S.E.2d 627, 637 (1991) ("the General Assembly is the sole source of the North Carolina Rules of Civil Procedure, unless this authority is expressly delegated to the Supreme Court") (citations omitted).

### A. N.C. Gen. Stat. § 15A-1446(d)

Our Supreme Court has interpreted N.C. Const. Art. IV § 13(2) as authority for the Court to strike down conflicting criminal procedure statutes enacted by the General Assembly purportedly governing

appellate procedure and practice. *Elam*, 302 N.C. at 160-61, 273 S.E.2d at 664 (N.C. Gen. Stat. § 15A-1446(d)(6) "is in direct conflict with Rules 10 and 14(b)(2) of the Rules of Appellate Procedure . . . ."); *Bennett*, 308 N.C. at 532-33, 302 S.E.2d at 788 (Appellate Rule 10(b)(2) is in conflict with N.C. Gen. Stat. § 15A-1446(d)(13)); *Stocks*, 319 N.C. at 439, 355 S.E.2d at 493 (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure); *State v. Spaugh*, 321 N.C. 550, 552-53, 364 S.E.2d 368, 370 (1988) (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3)); *State v. Richardson*, 341 N.C. 658, 676-77, 462 S.E.2d 492, 504 (1995) (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3)); *State v. O'Neal*, 77 N.C. App. 600, 603-04, 335 S.E.2d 920, 923 (1985) (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10 of the North Carolina Rules of Appellate Procedure); *State v. Bradley*, 91 N.C. App. 559, 563-64, 373 S.E.2d 130, 132-33 (1988) (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3)), *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989); *State v. Hinnant*, 131 N.C. App. 591, 596-97, 508 S.E.2d 537, 540 (1998) (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3)), *rev'd on other grounds*, 351 N.C. 277, 523 S.E.2d 663 (2000); *State v. Moore*, 132 N.C. App. 197, 201-02, 511 S.E.2d 22, 25 (N.C. Gen. Stat. § 15A-1446(d)(5) is in conflict with Rule 10(b)(3)), *cert. denied and appeal dismissed*, 350 N.C. 103, 525 S.E.2d 469 (1999).

Three cases above, *Stocks*, *Bennett*, and *Elam*, are cited in the majority's opinion as authority to support its holding that N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) constitutionally fails. These cases are inapposite and do not support the conclusion reached by the majority.

In *Stocks*, the defendant argued the trial court erred in denying his motion to dismiss at the conclusion of the State's evidence. 319 N.C. at 438-39, 355 S.E.2d at 492-93. The defendant did not renew his motion to dismiss after offering evidence. *Id.* N.C. Gen. Stat. § 15A-1446(d)(5) provided at the time that such renewals were unnecessary to preserve error based upon insufficiency of the evidence for appellate review. *Id.* This statute was held to be in conflict with Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure which requires renewal of the motion to dismiss at the close of all evidence. *Id.* Our Supreme Court held the "statute must fail" to the extent it was inconsistent with Rule 10(b)(3). *Id.*

In *Bennett*, the defendant argued the jury instructions were improper. 308 N.C. at 532, 302 S.E.2d at 788. However, defendant

failed to request instructions or to object to the instructions given before the jury retired. *Id.* at 535, 302 S.E.2d at 790. At the time, N.C. Gen. Stat. § 15A-1446(d)(13) permitted appellate review of jury instructions "even though no objection, exception or motion has been made in the trial division." *Id.* (citing N.C. Gen. Stat. § 15A-1446(d)(13)). Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure states, "No party may assign error to any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider the verdict . . . ." *Id.*; N.C.R. App. R. 10(b)(2). Our Supreme Court followed this Court's discussion of the conflict between N.C. Gen. Stat. § 15A-1446(d)(13) and Rule 10(b)(2) and held, "[t]o the extent [it] is inconsistent with Rule 10(b)(2), the statute must fail." *Id.*

In *Elam*, the defendant argued for the first time on appeal his conviction violated his constitutional rights. 302 N.C. at 159, 273 S.E.2d at 663. This Court overruled his argument for failing to raise the issue before the trial court in violation of Rule 14(b)(2) of the North Carolina Rules of Appellate Procedure. *Id.* at 160, 273 S.E.2d at 664. The defendant appealed to our Supreme Court arguing this Court erred in overruling "his constitutional attack" of the statute, in contravention of N.C. Gen. Stat. § 15A-1446(d)(6). *Id.* N.C. Gen. Stat. § 15A-1446(d)(6) provided that an objection, exception, or motion was not necessary to preserve errors based upon "[t]he defendant [being] convicted under a statute that is in violation of the Constitution of the United States or the Constitution of North Carolina." *Id.* The Court held N.C. Gen. Stat. § 15A-1446(d)(6) was "in direct conflict with Rules 10 and 14(b)(2) of the Rules of Appellate Procedure . . . ." *Id.*

The common element in all of the cases listed above, including those cited within the majority's opinion, is the statute considered and held to be in conflict in each case was N.C. Gen. Stat. § 15A-1446 entitled, Requisites for preserving the right to appeal. This statute is found within Chapter 15A, The Criminal Procedure Act and Article 91 entitled, Appeal to Appellate Division. The conflicting provisions stricken were all located within subsection (d) which begins, "[e]rrors based [upon any of] the following grounds, which are asserted to have occurred, *may be the subject of appellate review* even though no objection, exception or motion has been made in the trial division." N.C. Gen. Stat. § 15A-1446(d) (emphasis supplied).

Here, Rule 103 sets out instances where an objection, exception, or motion is not necessary in order to preserve *an issue for appellate*

*review*, and uniformly applies to all civil, criminal, and administrative proceedings where the Rules of Evidence apply.

### B. N.C. Gen. Stat. § 1A-1, Rule 46(a)(1)

North Carolina's appellate courts have previously upheld legislative exceptions to the appellate rules requiring an objection to preserve error for appellate review. Under N.C. Gen. Stat. § 1A-1, Rule 46(a)(1) (2003), "when there is an objection to the admission of evidence involving a specified line of questioning, it shall be deemed that a like objection has been taken to any subsequent admission of evidence involving the same line of questioning." This rule operates "to preserve the continued effect of a specific objection, once made, to a particular line of questioning." *Power Co. v. Winebarger*, 300 N.C. 57, 68, 265 S.E.2d 227, 233 (1980); *see also Dep't of Transportation v. Fleming*, 112 N.C. App. 580, 586, 436 S.E.2d 407, 411 (1993) ("Rule 46(a)(1) . . . preserves the effect of a seasonably made objection to a specified line of questioning.") (citing N.C. Gen. Stat. § 1A-1, Rule 46(a)(1)).

### III. Rule 103

### A. Federal Rule of Evidence

In 2000, Federal Rule of Evidence 103 was amended to include additional language. Fed. R. Evid. 103. Under the Federal Rule, a new paragraph was added at the end of the rule separate from, cumulative of, and equally applicable to subsections (1) and (2):

> (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> > (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
> >
> > (2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Once the court makes a definitive ruling on the record *admitting or excluding* evidence, either at or before trial, a party need not

renew an *objection or offer of proof* to preserve a claim of error for appeal.

*Id.* (emphasis supplied).

*All* federal courts that have considered the 2000 amendment in either a civil, criminal, or administrative context have upheld its validity and not voiced *any* concerns regarding encroachment upon their appellate rule making or procedural authority. *Dell Computer Corp. v. Rodriguez*, 390 F.3d 377, 387 (5th Cir. 2004) ("A renewed objection at trial is no longer required to preserve error."); *United States v. Malik*, 345 F.3d 999, 1001 (8th Cir. 2003) (holding a pretrial objection preserved the issue for review under Rule 103(a) of the Federal Rules of Evidence); *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391 (Fed. Cir. 2003) (Pursuant to Rule 103, the plaintiff's contention that the defendants waived their right to challenge on appeal the admission of an expert's testimony is rejected.); *Crowe v. Bolduc*, 334 F.3d 124, 133-34 (1st Cir. 2003) ("Our circuit rule has now been codified in a 2000 amendment to Rule 103, Federal Rules of Evidence."); *United States v. Brown*, 303 F.3d 582, 600 (5th Cir. 2002) ("As the Advisory Committee Notes to Rule 103 make clear, '[w]hen the ruling is definitive, a renewed objection or offer of proof at the time the evidence is to be offered is more a formalism than a necessity.' "), *cert. denied*, 537 U.S. 1173, 154 L. Ed. 2d 915 (2003); *United States v. Harrison*, 296 F.3d 994, 1002 (10th Cir. 2002) (The 2000 amendment to Rule 103 provides parties need not renew an objection "once the Court makes a definitive ruling.") (citing Fed. R. Evid. 103), *cert. denied*, 537 U.S. 1134, 154 L. Ed. 2d 825 (2003); *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002) (a pretrial objection was sufficient to preserve error of proposed expert testimony for appellate review); *Elsayed Mukhtar v. Cal. State University, Hayward*, 299 F.3d 1053, 1062-63 (9th Cir. 2002) (Citing Rule 103(a)(2), the court held a "[c]ontemporaneous objection is not required where, as here, the trial court definitively ruled on a motion *in limine* after exploring [the defendant's] objection."), *amended by*, 519 F.3d 1073 (9th cir. 2003); *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 791-92 (6th Cir. 2002) (the defendant did not waive introduction of expert testimony by not renewing proper objection in pretrial hearing), *cert. denied*, 537 U.S. 1148, 154 L. Ed. 2d 850 (2003).

Federal cases, although not binding on this Court, are instructive and persuasive authority. *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195, 412 S.E.2d 893, 896, *disc. rev. denied*, 331 N.C. 284, 417 S.E.2d 252 (1992). When the North Carolina rule of evidence is "identical" to

the Federal rule, "[t]he intent is to make applicable, as an aid in construction, the federal decisional law construing identical or similar provisions of the Federal Rules of Evidence." N.C. Gen. Stat. § 8C-1, Rule 102 commentary. "[T]hese rules are not adopted in a vacuum. A substantial body of law construing these rules exists and should be looked to by the courts for enlightenment and guidance in ascertaining the intent of the General Assembly in adopting these rules." *Id.*

## B. North Carolina Rule of Evidence

Rule 103 of the North Carolina Rules of Evidence contained verbatim language to that of the Federal Rule of Evidence prior to its amendment in 2000. Effective 1 October 2003, the General Assembly amended Rule 103 by adding the following language to subsection (a)(2): "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." 2003 N.C. Sess. Laws ch. 101, §§ 1-2. The language of the amendment is verbatim with Rule 103 of the Federal Rules of Evidence and Rule 103 of the Uniform Rules of Evidence. *Id.*; Fed. R. Evid. 103.

The basis for and intent of the amendment to the North Carolina rule is to follow the format and language of Federal Rule 103. 2003 N.C. Sess. Laws ch. 101, §§ 1-2 ("An Act conforming Rule 103 of the North Carolina Rules of Evidence to the corresponding Federal Rule."). Despite the published version showing this added language under subsection (a)(2), the General Assembly clearly intended to apply the amendment to *both* objections under subsection (a)(1) and offers of proof under subsection (a)(2). The language in the amendment addresses and applies to both subsections.

This Court recently considered amended Rule 103 in *State v. Rose*, 170 N.C. App. 284, 288, 612 S.E.2d 336, 339 (2005) and in *In re S.W.*, 171 N.C. App. 335, 337, 614 S.E.2d 424, 426 (2005). In *Rose*, the defendant's sole argument on appeal was the trial court erred in denying his pretrial motion to suppress evidence. 170 N.C. App. at 287, 612 S.E.2d at 338. The defendant failed to object when the evidence he had sought to suppress was offered at trial. *Id.* at 288, 612 S.E.2d at 339. We held that under the amendment to Rule 103, effective 1 October 2003, "once the trial court denied defendant's motion to suppress, he was not required to object again at trial in order to preserve his argument for appeal." *Id.*

**STATE v. TUTT**

[171 N.C. App. 518 (2005)]

In *In re S.W.*, the juvenile filed a motion to suppress evidence obtained during an alleged illegal search, which the trial court denied. 171 N.C. App. at 337, 614 S.E.2d at 426. The juvenile did not object when the evidence was admitted during trial. However, we held:

> the juvenile properly preserved his assignment of error by objecting when the trial court denied his motion to suppress in conformity with the amended North Carolina Rules of Evidence 103. N.C. Gen. Stat. § 8C-1, Rule 103 (2003); 2003 N.C. Sess. Laws ch. 101, §§ 1-2 (effective 1 October 2003); *see also State v. Rose*, 170 N.C. App. 284, 288, 612 S.E.2d 336, 339 (2005) (holding once the trial court denied the defendant's motion to suppress, he was not required to object again to preserve argument for appeal).

*Id.* at 337, 614 S.E.2d at 426; *see also In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.") (citations omitted).

## IV. The Majority's Opinion

The majority's holding will adversely affect forum selection by creating a conflict between the North Carolina and Federal Rules of Evidence. *See State v. Bogle*, 324 N.C. 190, 202-03, 376 S.E.2d 745, 752 (1989) ("[T]here is merit in uniformity of interpretation of similar rules by state and federal courts. The commentary to Rule 102 (purpose and construction of our Rules of Evidence) notes that federal precedents are not binding on our courts in construing the rules. However, '[u]niformity of evidence rulings in the courts of this State and federal courts is one motivating factor in adopting these rules and should be a goal of our courts in construing those rules that are identical.' N.C.G.S. § 8C-1, Rule 102 commentary (1988).").

Application of Article IV, § 13(2) of the North Carolina Constitution to strike the General Assembly's enactments which prescribe rules of procedure or practice for the appellate courts has been solely limited to N.C. Gen. Stat. § 15A-1446(d), a criminal procedure statute. The North Carolina case law cited above and by the majority's opinion focuses exclusively on N.C. Gen. Stat. § 15A-1446, which does not directly concern alleged error resulting from a trial court's decision to admit or suppress evidence during a pretrial hearing. No North Carolina case law or any authority cited within the majority

opinion indicates not preserved errors and omitted objections considered by our appellate courts under N.C. Gen. Stat. § 15A-1446 resulted from the admission or suppression of evidence. The cases cited by the majority's opinion solely concern: (1) sufficiency of evidence; (2) jury instructions; and (3) a statute's constitutionality. Neither the State's brief nor the majority's opinion cite any basis to overcome the presumption of constitutionality of enactments of the General Assembly or to conclude the statute is unconstitutional beyond a reasonable doubt. *Turner,* 224 N.C. at 46, 29 S.E.2d at 214 (citations omitted).

### V. Conclusion

Under their express constitutional authority, our General Assembly enacted the additional language of Rule 103 that is identical to the Federal Rule of Evidence and the Uniform Code of Evidence. It is an evidentiary rule, not an appellate procedure rule. The application of Article IV, § 13(2) of the North Carolina Constitution to declare void the General Assembly's enactment of statutes in conflict with the rules of appellate procedure and practice has been limited solely to N.C. Gen. Stat. § 15A-1446, a criminal procedure statute.

Until today, no prior North Carolina court has struck down a rule of evidence as procedurally unconstitutional due to Article IV, § 13(2) of the North Carolina Constitution. This ruling extends beyond the criminal context as the rules of evidence also apply in civil and administrative proceedings.

Rule 103(a)(2) of the North Carolina Rules of Evidence: (1) is presumed constitutional; (2) has not been shown to be unconstitutional beyond a reasonable doubt; and (3) does not conflict with our Rules of Appellate Procedure, despite the majority's bald assertion otherwise.

The majority's opinion holds defendant's objection was not preserved by Rule 103. Defendant does not argue and the majority does not discuss plain error. The majority's opinion fails to follow established precedent of this Court to reach and review the merits of defendant's claims. *See State v. Jordan,* 49 N.C. App. 561, 568, 272 S.E.2d 405, 410 (1980) ("Failure to object at trial is normally held to constitute a waiver of the error."); *State v. Nobles,* 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999) (the defendant failed to argue in his brief that the assigned error amounted to plain error, thus, he

waived appellate review) (citing N.C.R. App. P. 10(c)(4), 28(a), and 28(b)(5)). Under the majority's holding that defendant failed to object when the evidence sought to be suppressed was admitted at trial, defendant's appeal should be dismissed for failure to preserve error, waiver, or defendant's failure to assign and argue plain error. I respectfully dissent.