An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1219
NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

   v.

JOHN BURTON EDMONDS, JR.

Buncombe County
No. 11 CRS 64718


Appeal by defendant from judgment entered 20 May 2013 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 18 March 2014.

>*Attorney General Roy Cooper, by Special Deputy Attorney General Adren L. Harris, for the State.*
>
>*Russell J. Hollers III for defendant-appellant.*

BRYANT, Judge.

Where defendant cannot establish that he was prejudiced by trial counsel's failure to renew a pre-trial objection to the admission of hydrocodone pills into evidence during trial, defendant cannot establish ineffective assistance of counsel.

On 5 March 2012, a grand jury indicted defendant John Burton Edmonds, Jr., on the charge of trafficking in opium or heroin. On 29 April 2013, defendant filed a motion to suppress

the admission of hydrocodone tablets seized during a search of an automobile incident to defendant's arrest on charges of armed robbery and conspiracy to commit armed robbery. The matter came on for hearing before the Honorable Judge Mark E. Powell. On 6 May 2013, the court entered an order denying defendant's motion to suppress.

Defendant's trial commenced during the 13 May 2013 criminal session of Buncombe County Superior Court, the Honorable Marvin P. Pope, Judge presiding. The prosecution called as a witness Detective Sergeant John Thomas, with the Buncombe County Sheriff's Office, Criminal Investigation Division. Detective Thomas testified that on 23 December 2011, he and other law enforcement officers were conducting surveillance on a residence located at 179 South Liberty Street in Asheville in anticipation of the issuance of arrest warrants for defendant and his son. Detective Thomas observed defendant sitting in the driver's seat of a red Jeep Liberty. When Detective Thomas learned that the arrest warrants had been issued, he approached the Jeep, identified himself, and asked defendant to step out of the vehicle. Defendant was then extracted from the vehicle and placed in handcuffs. After searching defendant, Detective Thomas searched the vehicle interior "incident to arrest."

Absent objection, Detective Thomas testified that he discovered in a driver's side door pocket an open cigarette box containing twenty yellow tablets. A forensic drug chemist working in the drug chemistry section of the State Bureau of Investigation testified as an expert in the field of forensic drug chemistry analysis. During her direct examination, the trial court admitted into evidence the pills taken from defendant's vehicle. Each tablet "contained ten milligrams of hydrocodone[,an opium derivative,] and 325 milligrams of acetaminophen." Together, the pills weighed 8.5 grams. The jury returned a verdict of guilty against defendant on the charge of trafficking by possession of opium, to wit: hydrocodone in excess of 4 grams but less than 14 grams. The trial court entered judgment in accordance with the jury verdict and sentenced defendant to a term of 70 to 84 months. Defendant appeals.

_____

On appeal, defendant argues that the trial court erred in denying his pre-trial motion to suppress and committed plain error in admitting into evidence the tablets taken from defendant's vehicle. Defendant also argues that he received ineffective assistance of counsel. Because defendant's first argument is not properly preserved and his second argument is

abandoned, we review only defendant's ineffective assistance of counsel claim. However, in reviewing defendant's ineffective assistance of counsel claim, we further explain our reasons for dismissing defendant's first two arguments.

Defendant argues that he received ineffective assistance of counsel when his trial counsel failed to renew during trial defendant's objection to the admission of any testimony regarding the seizure of the pills, thus, failing to preserve for appeal defendant's arguments presented in his pre-trial motion to suppress. We disagree.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. "A defendant's right to counsel includes the right to the effective assistance of counsel. When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 247-48 (1985) (citations omitted).

> In order to meet this burden, a defendant must satisfy a two-part test:
>
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made

> errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*State v. Campbell*, 359 N.C. 644, 690, 617 S.E.2d 1, 29 (2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

On 5 March 2012, defendant was indicted on the charge of trafficking in opium or heroin. On 29 April 2013, defendant filed a motion to suppress evidence of the pills seized from his driver side door pocket during a search incident to his arrest. During a pre-trial hearing on defendant's motion, testimony was heard on the events leading up to the discovery of the pills: On 23 December 2011, law enforcement officers served defendant with an arrest warrant charging him with armed robbery and conspiracy to commit armed robbery; Defendant was extracted from his vehicle and secured in handcuffs; Law enforcement officers then conducted a search of the vehicle interior, discovering the pills. Following the hearing, the court denied defendant's motion to suppress.

When the matter came on for trial, Detective Thomas, testifying for the State, described, absent objection, the

sequence of events that gave rise to the search of defendant's vehicle. Furthermore, the pills themselves were later admitted, absent objection, as evidence during the testimony of the forensic drug chemist. Because defendant failed to note his objection to the admission of the evidence seized from his vehicle at trial, the argument presented during his pre-trial motion to suppress is not preserved for appeal. *See State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005) (Rulings on pretrial motions to suppress "are preliminary in nature and subject to change at trial, depending on the evidence offered, and thus an objection to an order granting or denying the motion is insufficient to preserve for appeal the question of the admissibility of the evidence." (citation and quotations omitted)); *see also State v. Golphin*, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000) ("[The defendant's] pretrial motion to suppress is not sufficient to preserve for appeal the question of the admissibility of his statement because he did not object at the time the statement was offered into evidence.").

In reviewing the record in light of defendant's ineffective assistance of counsel claim, we choose to consider first whether the failure of trial counsel to challenge the admissibility of the pills into evidence resulted in prejudice to the defense.

At trial, Detective Thomas testified that on 23 December 2011, he was conducting surveillance on defendant when he learned that an arrest warrant had been issued for defendant; he left his position of surveillance and approached defendant who was sitting in a red Jeep Liberty SUV on the property of defendant's son. Detective Thomas identified himself and asked defendant to step out of the vehicle. Defendant was then extracted, laid face down on the ground, and placed in handcuffs. After searching defendant's person, Detective Thomas searched the vehicle "incident to arrest."

> I began to look there in the driver's door panel. The door was open, and the driver's door had an interior panel for storage, and observed a Marlboro cigarette box inside of that door panel. Opened the cigarette box up, and inside the cigarette box was the cellophane wrapper that is commonly placed on the outside of cigarette boxes. And contained inside of the wrapper were 20 yellow in color tablets.

The pills contained a mixture of hydrocodone and acetaminophen.

In the pre-trial motion to suppress, defense counsel made the following argument:

> Our position is it's not reasonable to inspect a Marlboro box when they're looking for evidence of an armed robbery. The officer clearly and reasonably testified that you wouldn't expect to find a gun inside the box. That's what he was looking

> for, one of the things he was looking for.
> Nobody would expect to find a gun inside
> that box.

Defense counsel's argument was predicated in part on our Supreme Court's opinion in *State v. Mbacke*, 365 N.C. 403, 721 S.E.2d 218 (2012) (reviewing the holding of the United States Supreme Court in *Arizona v. Gant*, 556 U.S. 332 (2009) (addressing whether the search of a vehicle incident to the seizure of a suspect was reasonable)), *cert. denied*, ___ U.S. ___ (2012).

In *Mbacke*, the Court cited *Gant* for the proposition that "[a] defendant's car can be searched 'only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search' or 'when it is *reasonable to believe* evidence relevant to the crime of arrest might be found in the vehicle.'" *Id.* at 407–08, 721 S.E.2d at 221 (quoting *Gant*, 556 U.S. at 343–44) (emphasis added).

> [W]e conclude that the "reasonable to believe" standard set out in *Gant* parallels the objective "reasonable suspicion" standard sufficient to justify a *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). . . . Accordingly, we hold that when investigators have a reasonable and articulable basis to believe that evidence of the offense of arrest might be found in a suspect's vehicle after the occupants have been removed and secured, the investigators are permitted to conduct a search of that vehicle.

*Id.* at 409-10, 721 S.E.2d at 222.

"Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence. The standard is satisfied by some minimal level of objective justification." *State v. Styles*, 362 N.C. 412, 414, 665 S.E.2d 438, 439 (2008) (citations and quotations omitted). "We reiterate that the overarching inquiry when assessing reasonable suspicion is always based on the *totality* of the circumstances." *State v. Maready*, 362 N.C. 614, 619, 669 S.E.2d 564, 567 (2008) (citation omitted).

An arrest warrant had been issued and served on defendant charging him with armed robbery and conspiracy to commit armed robbery. We note the testimony of Detective Thomas given during the suppression hearing:

> Q    And then when you said you were planning on searching the car for evidence that pertained to the robbery, explain that for us.
>
> A    Well, there could have been any number of items in there related to the robbery: currency that was stolen, a weapon, clothing worn by the suspect, any type of ammunition for the firearm that was used. Could be any type of documentation, handwritten notes, communication back and forth between himself and the co-defendant with regards to the robbery.

Because Detective Thomas' search of the vehicle incident to defendant's arrest was based on the reasonable suspicion that evidence of the crimes for which defendant was charged, namely armed robbery and conspiracy to commit armed robbery, may have been in the vehicle from which defendant was extracted, the search of the vehicle's interior was not an unreasonable intrusion of defendant's privacy rights. *See Mbacke*, 365 N.C. at 407–08, 721 S.E.2d 221 ("[a] defendant's car can be searched . . . when it is *reasonable to believe* evidence relevant to the crime of arrest might be found in the vehicle." (citation and quotations omitted)).

Thus, even if defendant's challenge to the denial of the motion to suppress been properly preserved, the record supports the trial court's pre-trial ruling and nothing in the record indicates that the ruling would have changed during the course of this trial. As such, defendant was not prejudiced by his trial counsel's failure to renew his pre-trial objection to admission of the pills into evidence.

Further, defendant's challenge to the admission of the lab report on the weight and composition of the pills must be dismissed. Defendant fails to demonstrate how the admission of the pills and the SBI laboratory report into evidence at trial

amounted to error. In his brief to this Court, defendant simply states that "[a]dmitting the pills that should have been suppressed was plain error because it was the difference between the [S]tate getting its case to the jury and a nonsuit for insufficient evidence." Such a statement is insufficient to support defendant's contention. *See* N.C. R. App. P. 28(b)(6) (2014) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

As defendant cannot establish that he received ineffective assistance of counsel, his argument is overruled.

No error.

Judges HUNTER, Robert C., and STEELMAN concur.

Report per Rule 30(e).