J. R. HARRIS v. A. C. CARTER AND D. D. CREECH.

(Filed 26 March, 1947.)

**1. Automobiles § 24a—**

In order for the negligence of the driver of a vehicle to be imputed to the owner, the driver must be at the time the owner's servant or agent and acting within the scope of his employment.

**2. Automobiles § 24e—**

Ordinarily, whether the driver of a vehicle is the servant or agent of the owner or an independent contractor is a mixed question of law and fact to be submitted to the jury upon proper instructions, but where the facts are known or established, it becomes a matter of legal inference to be determined by the court.

**3. Same—**

Plaintiff's evidence tended to show that defendant's employee took defendant's truck to a garage repairman with directions that the repairman "try the car out" to see if he could locate and repair the trouble. *Held:* Under the circumstances disclosed by plaintiff's evidence the repairman was an independent contractor and not an agent or servant of the owner in driving the car for the purpose of examination and therefore in an action against the owner to recover for negligent operation of the car by the repairman, nonsuit was proper.

APPEAL by plaintiff from *Nimocks, J.,* at October Term, 1946, of CRAVEN.

D. L. Ward and W. B. R. Guion for plaintiff, appellant.

R. E. Whitehurst, George B. Riddle, Jr., and D. C. McCotter, Jr., for defendants, appellees.

SEAWELL, J. This is an action to recover damages for injury alleged to have been caused to plaintiffs person and car by the negligent operation of a truck owned by the defendant Carter and driven by his co-defendant Creech.

It is alleged that the truck was driven by Creech "with Carter's consent and within the scope of employment of the defendant D. D. Creech." It is sought to render Carter liable as employer of Creech under the rule *"respondeat superior."*

The answer denies that Creech was the employee or agent of Carter but avers that he was an independent contractor or a repair mechanic, doing a regular repair business, with whom the car had been entrusted or put in bailment for such repairs.

On the trial the plaintiff sought to establish the agency or relation of master and servant between Carter and Creech as growing out of

instructions under which the offending truck was turned over to Creech. The pertinent testimony was as follows:

". . . Mr. Carter said that how his truck came down there was that the truck was running bad and he sent it down there to Mr. Creech's garage by Mr. Brantley and told Mr. Creech to try the car out and see if he could find the trouble, that it was not running right." "Mr. Carter said nothing more than he told me about sending his truck down to the garage and telling the driver to tell Mr. Creech to try the truck out and see if he could locate the trouble with the truck." "Mr. Carter sent the truck to Mr. Creech with a request that he get in and try the truck. He said he wanted Mr. Creech to get in the truck and drive and test the truck out with Stafford Brantley." "Mr. Carter said he was sending a load of wheat to the mill." "Mr. Carter did not say the wheat was on the way to the mill when the accident happened." "To repeat again just what Mr. Carter did say about the mill . . . he was sending it by Mr. Brantley—told him to go and carry the truck to Mr. Creech." "I do not guess Mr. Creech had anything to do with carrying wheat to the mill." "He sent it down for Mr. Creech to fix."

On demurrer to the evidence the trial judge allowed the motion to nonsuit and plaintiff appealed.

The plaintiff's case rests entirely on the significance to be given Carter's words to Creech while putting the truck in his hands for repairs: "To try it out," "drive it," "locate the trouble and fix it." Plaintiff claims it is such an order or direction as would indicate Creech was an employee; or that it was at least evidence that Creech was put in charge of the operation of the truck as Carter's agent. The defendant contends that these facts show Creech to have been an independent contractor, only. Apparently the court took the latter view in ordering the nonsuit.

To make the owner of a motor vehicle liable for its negligent operation in the hands of another, the damnifying act must be done by a servant or agent acting within the scope of his employment. *Templeton v. Kelley,* 216 N. C., 487, 5 S. E. (2d), 555; *Robinson v. McAlhaney,* 214 N. C., 180, 182, 198 S. E., 647; *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820. Therefore, as a matter of course, unless the driver to whom the negligence is attributed was agent of the person sought to be fixed with the liability, no negligence can be imputed to the owner under the rule.

Ordinarily, in the course of the trial the question whether the negligent operator is the servant and agent of the defendant or merely an independent contractor for whose acts no negligence can be imputed to him, is a mixed question of law and fact to be submitted to the jury upon proper instructions. McIntosh, Practice and Procedure, p. 605. But where the facts are known or established, it becomes a matter of legal inference, to be determined by the court. *Id.,* p. 605.

In the case at bar the facts are presented in the plaintiff's evidence and are, therefore, not in issue. Taking all the circumstances into consideration we regard the remark of Carter, accompanying the delivery of the truck to Creech for repair, as amounting to no more than the expression of the desire that Creech give it an examination in the method usually employed, locate the trouble and make the necessary repairs. We are of the opinion that the circumstances did not create an agency or the relation of master and servant between the defendants but, on the contrary, left Creech in the relation of independent contractor, having the Carter truck in his hands for repairs on his own judgment, at a price to be fixed by him according to the nature and extent of the repairs. We find no reasonable inference to the contrary from plaintiff's evidence. *Standard Oil Co. v. Hunt,* 187 N. C., 157, 121 S. E., 184; *Brown v. R. R.,* 195 N. C., 699, 701, 143 S. E., 536.

The judgment of nonsuit must, therefore, be
Affirmed.