STATE OF NORTH CAROLINA v. DAVID EDWARD WILSON

No. COA06-509

(Filed 1 May 2007)

**1. Evidence— motion in limine—barring introduction of contract**

The trial court did not abuse its discretion in a sexual activity by a custodian and attempted sexual activity by a custodian case by granting the State's motion in limine barring the introduction of a contract between Prison Health Services and the Mecklenburg County Sheriff stating that Prison Health Services was an independent contractor because: (1) the reasoning in *Medley v. Dep't of Correction*, 330 N.C. 837 (1992), holding that providing medical care to those incarcerated in the State Department of Correction was a nondelegable duty of the State making any independent contractor hired to perform that duty an agent of the State as a matter of law, is equally applicable to county jails; (2) the definition of "agent" for purposes of the crime of sexual activity by a custodian under N.C.G.S. § 14-27.7 is identical to that as set forth in *Medley*; and (3) as a matter of law, defendant was acting as an agent of the Mecklenburg County Sheriff at the time these crimes were committed.

**2. Evidence— prohibition on cross-examination—sheriff— health care services administrator**

The trial court did not err in a sexual activity by a custodian and attempted sexual activity by a custodian case by prohibiting the cross-examination of the Mecklenburg County Sheriff and the health care services administrator of Prison Health Services regarding the contract between Prison Health Services and the Mecklenburg County Sheriff, because: (1) defendant waived his constitutional argument that his right to confrontation was violated by failing to raise this argument at the trial court; and (2) the Court of Appeals has already determined that the trial court properly excluded evidence of the contract at

STATE v. WILSON

[183 N.C. App. 100 (2007)]

trial, and thus, defendant cannot show any prejudice resulting from the trial court's ruling.

Judge WYNN dissenting.

Appeal by defendant from judgment entered 1 November 2005 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 January 2007.

*Attorney General Roy Cooper, by Jane Ammons Gilchrist, Assistant Attorney General, for the State.*

*Nixon, Park, Gronquist, & Foster, by Mark P. Foster, Jr., for defendant-appellant.*

STEELMAN, Judge.

The provision of medical care to prisoners in a county jail is a nondelegable duty such that an independent contractor hired to perform that duty is an agent of the Sheriff for purposes of N.C. Gen. Stat. § 14-27.7(a).

From May of 2003 through January of 2004, David Edward Wilson ("defendant") was employed by Prison Health Services as a mental health clinician. His duties required him to work with inmates in the Mecklenburg County Jail. Nina Greene was an inmate at the jail during that time awaiting trial on drug charges. She sought mental health treatment for sleeping disorders which arose after she learned of health issues involving her mother and brother-in-law. On or about 30 December 2003, defendant met with Greene in the jail's "sick call room." This room was small with no windows, had only two chairs, and a sink. After talking with defendant, Greene felt uncomfortable during a period of silence in the conversation. She stood up to leave, and extended her hand to defendant. Defendant replied that a handshake was too formal, and Greene gave defendant a hug. During the hug, defendant brushed one of Greene's breasts. The next day, Greene met with defendant again, and he brought her some material on grieving. He asked Greene if she had any money in her commissary account. Greene responded that she did not need anything. Defendant gave Greene his number and told her to call him when she was released. She said that she did not "do anything without getting paid for it."

The next meeting between Greene and defendant was during the first week of January 2004. During that visit, Greene raised her shirt

and allowed defendant to fondle her breasts in exchange for defendant placing money in her commissary account. On 6 January 2004, defendant again met Greene in the sick call room and presented her with a blank money order in the amount of $50.00. Greene told defendant that she could not have sexual intercourse with him because she was having her period. Greene performed an act of fellatio on defendant in exchange for the money order. Before departing the sick call room, defendant and Greene agreed to meet on 9 January 2004, in order to engage in sexual intercourse. Upon returning to her cell, Greene's cell mate noticed Greene was acting differently and asked what was wrong. Greene confided to her cell mate what had occurred with defendant. The cell mate then told the captain at the jail what had occurred between Greene and defendant. The captain spoke with Greene and she told her what had occurred and what was planned for 9 January 2004. Greene attempted to advise defendant through a note that the captain was going to place a video camera in the sick call room on 9 January 2004, but the note was intercepted by the jail staff and never reached defendant. On 9 January 2004, defendant and Greene met in the sick call room. Defendant dropped his pants and began to put a condom on his penis. The captain then entered the room and interrupted the encounter between defendant and Greene.

Defendant was charged with sexual activity by a custodian, attempted sexual activity by a custodian, and crime against nature. He was tried during the 31 October 2005, Criminal Session of Superior Court of Mecklenburg County. On 1 November 2005, the jury returned verdicts of guilty on all counts. The trial court consolidated the convictions for sentencing and imposed a sentence of 25 to 39 months imprisonment. This sentence was suspended and defendant was placed on supervised probation. Defendant appeals.

We note initially that the issues raised in defendant's appeal only pertain to the convictions for sexual activity by a custodian and attempted sexual activity by a custodian, and do not pertain to the conviction for crime against nature.

[1] In his first argument, defendant contends that the trial court erroneously granted the State's motion *in limine*, barring the introduction of a contract between Prison Health Services and the Mecklenburg County Sheriff. Defendant argues that the contract would have provided evidence that he was an independent contractor; not an agent or employee of the Mecklenburg County Sheriff. We disagree.

When reviewing a trial court's ruling on a motion *in limine*, this Court's standard of review is abuse of discretion. *State v. Ruof*, 296 N.C. 623, 628, 252 S.E.2d 720, 724 (1979). We note that defendant requested *voir dires* and made proffers of the evidence he sought to have admitted into evidence. This was sufficient to preserve the trial court's ruling on the motion *in limine* for appellate review. *See State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005).

The statute under which defendant was convicted provides that:

[I]f a person . . . who is an agent or employee of any person, or institution, whether such institution is private, charitable, or governmental, having custody of a victim of any age engages in vaginal intercourse or a sexual act with such victim, the defendant is guilty of a Class E felony. Consent is not a defense to a charge under this section.

N.C. Gen. Stat. § 14-27.7(a) (2005). The contract the trial court barred as evidence included a provision stating that Prison Health Services was an independent contractor. Defendant sought to introduce the contract because as an employee of Prison Health Services, he contends that he was an independent contractor and not an agent or employee of the Mecklenburg County Sheriff, and thus cannot be charged or convicted under N.C. Gen. Stat. § 14-27.7(a). Defendant's argument is misplaced.

The State based its motion *in limine* before the trial court on the Supreme Court case of *Medley v. N.C. Dep't of Correction*, 330 N.C. 837, 412 S.E.2d 654 (1992). In *Medley*, the Supreme Court held that providing medical care to those incarcerated in the State Department of Correction was a nondelegable duty of the State, and thus any independent contractor hired to perform that duty was an agent of the State as a matter of law. *Id.* 330 N.C. at 841, 412 S.E.2d at 657. The facts in *Medley* are not identical to those in the instant case. The statute which was the basis of the Supreme Court's holding in *Medley*, N.C. Gen. Stat. § 148-19, specifically applied to the State Department of Correction. However, we are persuaded that the rationale of *Medley* is equally applicable to county jails and the facts of the instant case.

A nondelegable duty may arise from circumstances recognized at common law and statute, and in "situations wherein the Law views a person's duty as so important and so peremptory that it will be treated as nondelegable. Defendants who are under such

a duty '. . . cannot, by employing a contractor, get rid of their own duty to other people, whatever the duty may be.' " 5 Fowler V. Harper et.al., *The Law of Torts* § 26.11, at 83 (2d ed. 1986) (quoting *Hardaker v. Idle Dist. Council*, 1 Q.B. 335, 340 (C.A.) (1896)).

*Id.*

The State of North Carolina has long recognized the duty of providing medical care to prisoners. *See, e.g., Medley*, 330 N.C. at 842, 412 S.E.2d at 657; *State v. Sparks*, 297 N.C. 314, 321, 255 S.E.2d 373, 378 (1979) (stating that the State has a duty to provide medical care to prisoners); *Spicer v. Williamson*, 191 N.C. 487, 490, 132 S.E. 291, 293 (1926) (holding that the public is required to care for a prisoner when his liberty has been deprived). This duty has been codified in our General Statutes. *See* N.C. Gen. Stat. §§ 148-19 (2005). In *Medley*, the Supreme Court held that:

> the duty to provide adequate medical care to inmates, imposed by the state and federal Constitutions, and recognized in state statute and case law, is such a fundamental and paramount obligation of the state that the state cannot absolve itself of responsibility by delegating it to another.

*Medley*, 330 N.C. at 844, 412 S.E.2d at 659.

N.C. Gen. Stat. § 153A-221(a) requires that the Secretary of Health and Human Services "develop and publish minimum standards for the operation of local confinement facilities," including standards for "[m]edical care for prisoners, including mental health, mental retardation, and substance abuse services." This statute creates an affirmative duty on Sheriff's operating county jails to provide medical and mental health services to jail inmates. We hold that under the rationale of *Medley*, this duty is nondelegable. "Where a principal has a nondelegable duty, one with whom the principal contracts to perform that duty is as a matter of law an agent for purposes of applying the doctrine of *respondeat superior*." *Medley*, 330 N.C. at 845, 412 S.E.2d at 659. We further hold that the definition of "agent" for purposes of the crime of sexual activity by a custodian under N.C. Gen. Stat. § 14-27.7 is identical to that as set forth in *Medley*.

As a matter of law, defendant was acting as an agent of the Mecklenburg County Sheriff at the time the crimes of sexual activity by a custodian and attempted sexual activity by a custodian were committed. Thus, the trial court did not abuse its discretion in refusing to admit the contract into evidence.

**[2]** In his second argument, defendant contends that the trial court erred in prohibiting the cross-examination of the Mecklenburg County Sheriff and the health care services administrator of Prison Health Services regarding the contract between Prison Health Services and the Mecklenburg County Sheriff. We disagree.

We note that defendant contends in this assignment of error that the denial of his right to cross-examine the two witnesses at trial violated his constitutional right to confrontation. We have reviewed the portions of the transcript brought to our attention as being relevant to this assignment of error. Defendant raised no constitutional argument before the trial court. Constitutional errors not "raised and passed upon" at trial will not be considered for the first time on appeal. *State v. Garcia*, 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (citing *State v. Watts*, 357 N.C. 366, 372, 584 S.E.2d 740, 745 (2003); N.C. R. App. P. 10(b)(1) (2006)). We therefore decline to address defendant's constitutional argument.

Defendant also contends in this assignment of error that the trial court's prohibition of the cross-examination of the two witnesses violated Rule 611 of the North Carolina Rules of Evidence, and we review this assignment for prejudicial error. N.C. Gen. Stat. § 15A-1443 (a) (2005).

"A trial judge's rulings with respect to the scope of cross-examination will not be disturbed unless the defendant can show that the verdict was improperly influenced thereby. This rule is consistent with the requirement of G.S. 15A-1443(a) that a defendant has the burden of showing prejudice." *State v. Teeter*, 85 N.C. App. 624, 636, 355 S.E.2d 804, 811 (1987) (internal citation omitted).

Defendant desired to cross-examine the two witnesses regarding the contract between Prison Health Services and the Mecklenburg County Sheriff. We have previously determined that the trial court properly excluded evidence of the contract at trial. Therefore, defendant cannot show any prejudice resulting from the trial court's ruling. Defendant's assignment of error is without merit.

NO ERROR.

Judge HUNTER concurs.

Judge WYNN dissents in separate opinion.

WYNN, Judge dissenting.

The majority holds that under the rationale of *Medley v. N.C. Department of Correction*, the defendant in this matter was an agent of the State for purposes of invoking criminal liability under N.C.G.S. §14-27.7(a). If there is a basis for holding an independent contractor criminally liable as an agent of the State under the nondelegable duty theory, *Medley* does not provide it.

In *Medley*, our Supreme Court found that a doctor was an agent of the state as a matter of law for whose negligence the State is liable under the Tort Claims Act regardless of whether the doctor was an independent contractor. The Supreme Court found that the State could not absolve itself of responsibility by delegating it to another who may, in fact, have been an independent contractor. In short, the duty imposed on the State did not depend on whether or not the doctor was in fact an independent contractor because that duty was nondelegable.

> The nondelegable duty theory is an exception to the rule of non-liability by a principal for the work of independent contractors. The exception reflects "the policy judgment that certain obligations are of such importance that employers should not be able to escape liability merely by hiring others to perform them."

*Id.* at 841, 412 S.E.2d at 657 (citation omitted). As recognized in *Medley*, the United States Supreme Court has acknowledged "that in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." *Id.* at 843, 412 S.E.2d at 658 (*quoting Deshaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198, 103 L. Ed. 2d 249, 260 (1989)). Thus, *Medley* held: Where a principal has a nondelegable duty, one with whom the principal contracts to perform that duty is as a matter of law an agent *for purposes of applying the doctrine of respondeat superior.*" *Id.* at 845, 412 S.E.2d at 659 (emphasis supplied).

This is a very different case. The State does not seek to have Defendant declared "an agent for purposes of applying the doctrine of *respondeat superior.*" Indeed, the issue is not whether the State can be absolved of its statutory duty by delegating its responsibility to an independent contractor; rather, the issue is whether one who is an independent contractor may be subjected to criminal liability based on the State's nondelegable duty. Since the "nondelegable duty theory

**IN RE D.A.S.**

[183 N.C. App. 107 (2007)]

is an exception to the rule of nonliability by a principal for the work of independent contractors," *Id.* at 841, 412 S.E.2d at 657, the implications of holding an independent contractor's criminally liable under the nondelegable duty theory exception would be far reaching. So much so that I am by this dissent affording Defendant a right of appeal to our Supreme Court to resolve this issue. N.C. Gen. Stat. § 7A-30 (1) (2005) (providing an appeal as a matter of right to our Supreme Court "from any decision of the Court of Appeals rendered in a case . . . [i]n which there is a dissent.").[1]

Moreover, the issue of whether an agency relationship existed is a question of fact for the jury, if more than one inference can be implied. *Hylton v. Koontz,* 138 N.C. App. 629, 635, 532 S.E.2d 252, 257 (2000). The trial court recognized this fact; nevertheless, the trial court granted the State's Motion in *Limine.* This was error because the contract between Prison Health Services and Mecklenburg County Sheriff's Office was relevant to the element of agency.

---

1. It should also be noted that under the rules of statutory construction, the rule of lenity "requires us to strictly construe the statute." *State v. Hinton,* 361 N.C. 207, 211, 639 S.E.2d 437, 440 (2007). Here, unlike the imposition of liability in civil actions, the State seeks to impose criminal liability, under a statute that does not clearly define the term agent. N.C. Gen. Stat. § 14-27.7(a) (2005).