STATE OF NORTH CAROLINA v. DAVID EDWARD WILSON

No. 257A07

(Filed 25 January 2008)

**Agency— local jail—mental health clinician—employment by independent contractor—sexual acts—agent of sheriff**

A mental health clinician employed by an independent contractor that provided services to prisoners housed in a local jail was also an agent of the sheriff, and was criminally liable under N.C.G.S. § 14-27.7(a) when he committed sexual acts with a prisoner.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 183 N.C. App. 100, 643 S.E.2d 620 (2007), finding no error in a judgment entered 1 November 2005 by Judge Richard D. Boner in Superior Court, Mecklenburg County. Heard in the Supreme Court 15 November 2007.

*Roy Cooper, Attorney General, by Jane Ammons Gilchrist, Assistant Attorney General, for the State.*

*Nixon, Park, Gronquist, & Foster, by Mark P. Foster, Jr., for defendant-appellant.*

EDMUNDS, Justice.

In this case, we consider whether defendant, a mental health clinician employed by an independent contractor that provided services to prisoners housed in a local jail, was also an agent of the sheriff. We conclude that defendant was an agent authorized to act for or in place of the sheriff, and, as a result, defendant was criminally liable when he committed sexual acts with a prisoner in violation of N.C.G.S. § 14-27.7(a). Accordingly, we modify and affirm the holding of the Court of Appeals.

**STATE v. WILSON**

[362 N.C. 162 (2008)]

A detailed recitation of the facts is not necessary. Defendant David Edward Wilson was employed by Prison Health Services, a company that contracted with the Mecklenburg County Sheriff's Office to provide mental health care for inmates. A female inmate at the Mecklenburg County jail who was experiencing nightmares requested treatment from defendant. During the course of treatment, defendant engaged in several sex acts with the inmate.

On 21 June 2004, the Mecklenburg County Grand Jury indicted defendant for sexual activity by a custodian and for attempted sexual activity by a custodian, all in violation of section 14-27.7(a).[1] The indictment alleged that the victim was "an inmate in the custody of the Mecklenburg County Jail" and that defendant was "a mental health clinician employed by Prison Health Services and contracted by the Mecklenburg County Sheriff's Office to work with mental health problems of inmates."

The single issue before us is whether defendant was an agent of the Mecklenburg County Sheriff's Office who may be prosecuted under N.C.G.S. § 14-27.7(a) for engaging in sex acts with a person in the custody of a government institution. This statute, entitled "Intercourse and sexual offenses with certain victims; consent no defense," provides in part:

> [I]f . . . a person who is an agent or employee of any person or institution, whether such institution is private, charitable, or governmental, having custody of a victim of any age engages in vaginal intercourse or a sexual act with such victim, the defendant is guilty of a Class E felony. Consent is not a defense to a charge under this section.

N.C.G.S. § 14-27.7(a) (2005).

At trial, defendant did not deny that he committed the alleged acts. Instead, defendant contended that he was not an "agent" of the Mecklenburg County Sheriff's Office for purposes of section 14-27.7(a). In support of this defense, defendant sought to introduce into evidence the employment contract between the Mecklenburg County Sheriff's Office and Prison Health Services. This contract provided that:

> 11.1 <u>Independent Contractor Status</u>. The parties acknowledge that PHS [Prison Health Services] is an independent contractor.

---

1. The Grand Jury also indicted defendant for crime against nature in violation of N.C.G.S. § 14-177, a charge which is not at issue in this appeal.

> Nothing in this Agreement is intended nor shall be construed to create an agency relationship, an employer/employee relationship, or a joint venture relationship among the parties.

Based upon this language, defendant argued that "the State, through the County, has already admitted in writing that [defendant] is actually an independent contractor and would not be construed as an agent or employee" of the Mecklenburg County Sheriff's Office.

The State filed a motion *in limine* seeking to have the trial court exclude the employment contract. In support of its motion, the State argued that defendant's purported status as an independent contractor was irrelevant because the State cannot delegate its duty to provide medical care to inmates, citing *Medley v. North Carolina Department of Correction*, 330 N.C. 837, 412 S.E.2d 654 (1992). In *Medley*, this Court considered whether an inmate could maintain a civil suit against the State under the Tort Claims Act for injury caused by the medical negligence of a prison physician who was an independent contractor. *Id.* at 838, 412 S.E.2d at 655. We determined that "the state has a nondelegable duty to provide adequate medical care for persons it incarcerates." *Id.* at 841, 412 S.E.2d at 657. Accordingly, we held that the State may not insulate itself from tort liability for injury resulting from the negligent provision of medical care by delegating that duty of care to an independent contractor. *Id.* at 845, 412 S.E.2d at 659.

After considering the arguments of both parties, the trial court allowed the State's motion and excluded the employment contract. However, in doing so, the trial court did not rely on *Medley*. Instead, the court stated:

> I don't think the contract between the company and the Sheriff is relevant. The issue that the jury is going to have to determine in this case is whether or not [defendant's] performance was authorized by the Sheriff of Mecklenburg County to perform something on the Sheriff's behalf, and in this case to provide mental health services, and whether or not he was acting as an agent at the time this act is alleged to have been committed.

In response to defense counsel's request for clarification, the court further explained that, for purposes of section 14-27.7(a), "the definition of agent is one who is authorized to perform acts on behalf of another." The case then proceeded to trial.

During the charge conference at the conclusion of the presentation of evidence, the trial court advised counsel that "I am going to give what amounts to a peremptory instruction that if somebody is providing mental health services, they are automatically an agent." The court noted that *Medley* "is some authority for the proposition that the defendant was an agent in this case," but stated that it was "reluctant to rely on [*Medley*], because it basically involves a civil liability, which I don't think that standard of care theory carries over to the criminal arena." Finally, the court stated:

> Let the record show that prior to the arguments of counsel at the bench the Court indicated to counsel that the Court would instruct that an agent is a person who is authorized to act for or in place of another; that that is the instruction that the Court will give defining an agent.
>
> Does anybody object to that definition?

Neither party objected, and the trial court so instructed the jury.

The jury found defendant guilty of all charges. Defendant appealed to the Court of Appeals, arguing that the trial court committed reversible error by excluding the employment contract between the Mecklenburg County Sheriff's Department and Prison Health Services. *State v. Wilson*, 183 N.C. App. 100, 102-03, 643 S.E.2d 620, 622 (2007). A divided panel of that court affirmed the trial court, citing *Medley*. *Id.* at ——, 643 S.E.2d at 622-23. The dissenting judge disagreed, arguing that "[i]f there is a basis for holding an independent contractor criminally liable as an agent of the State under the nondelegable duty theory, *Medley* does not provide it." *Id.* at ——, 643 S.E.2d at 624 (Wynn, J., dissenting). Defendant appealed to this Court as of right.

Defendant argues that the contract he sought to introduce shows that he was only an employee of independent contractor Prisoner Health Services and not an agent of the sheriff. In civil cases, courts make fine distinctions between agents and independent contractors. *See, e.g., Holcomb v. Colonial Assocs., L.L.C.*, 358 N.C. 501, 509, 597 S.E.2d 710, 716 (2004) (stating that "an independent contractor can, in certain respects, be an agent" depending upon "the degree of control exercised by the principal"); *Cooper v. Asheville Citizen-Times Publ'g Co.*, 258 N.C. 578, 587, 590, 129 S.E.2d 107, 113, 115 (1963) (concluding that a contractual designation of a worker as an "independent contractor" was not controlling and that evidence of the

worker's status as an agent was sufficient to raise a jury question); *Harris v. Carter*, 227 N.C. 262 *passim*, 41 S.E.2d 764 *passim* (1947) (discussing whether the driver who injured the plaintiff was an agent or independent contractor of the defendant truck owner). However, a more straightforward analysis is appropriate in this criminal case.

As demonstrated by its title and text, one purpose of section 14-27.7 is to remove consent as a defense to a sex offense when a substantial imbalance of power exists between victim and perpetrator. *See* N.C.G.S. § 14-27.7 (stating that consent is not a defense to sexual contact between persons assuming the position of a parent and minors residing within the same home, between custodians and persons in their custody, between agents or employees of custodial institutions and persons in custody, and between school personnel and certain students at the same school). Whether a perpetrator's employer would be liable for its employee's sexual conduct in a civil suit is irrelevant to the harm identified by the General Assembly and addressed by section 14-27.7(a).

Defendant committed sex acts upon the victim while providing mental health services to inmates on behalf of the sheriff. We conclude that the general principle expressed by this Court in *Julian v. Lawton*, that "[a]n agent is one who acts for or in the place of another by authority from him," accurately describes the relationship intended to give rise to criminal liability under section 14-27.7(a). 240 N.C. 436, 440, 82 S.E.2d 210, 213 (1954) (citation and internal quotation marks omitted); *see also* Robert E. Lee, *North Carolina Law of Agency and Partnership* 1 (6th ed. 1977) ("Agency, in its broadest sense, indicates the relation which exists when one person is employed to act for another."). Such a relationship existed here.

Accordingly, we hold that the trial court correctly analyzed the issue and properly granted the State's motion *in limine* to exclude from evidence the employment contract between the Mecklenburg County Sheriff's Office and Prison Health Services. The decision of the North Carolina Court of Appeals finding no error in the judgment entered 1 November 2005 upon defendant's convictions for sexual activity by a custodian and attempted sexual activity by a custodian in violation of N.C.G.S. § 14-27.7(a) is hereby modified and affirmed.

MODIFIED AND AFFIRMED.