**STATE v. RENKOSIAK**

[226 N.C. App. 377 (2013)]

STATE OF NORTH CAROLINA
v.
HELEN B RENKOSIAK, Defendant

No. COA12-975

Filed 2 April 2013

1. **Evidence—denial of motion in limine—willfully misapplied employer's funds—charge cards—insurance**

   The trial court did not abuse its discretion in an embezzlement case by denying defendant's motion in limine to exclude evidence related to BP charge cards and AFLAC insurance. The evidence showed that defendant "willfully misapplied" her employer's funds.

2. **Embezzlement—motion to dismiss—sufficiency of evidence**

   The trial court did not err in an embezzlement case by denying defendant's motion to dismiss. The State introduced substantial evidence of each of the elements of embezzlement.

Appeal by defendant from judgment entered on or about 16 July 2011 by Judge Milton F. Fitch, Jr. in Superior Court, Dare County. Heard in the Court of Appeals 31 January 2013.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Harriet F. Worley, for the State.*

*Phillip H. Hayes, for defendant-appellant.*

STROUD, Judge.

Defendant appeals her conviction for embezzlement, arguing that the trial court erred in denying her motions in limine and to dismiss. For the following reasons, we find no error.

I. Background

The State's evidence tended to show that Mr. Carlos Gomez was the founder of Coastal Engineering and Surveying. ("Coastal"). In 2001, Mr. Gomez hired defendant as a "bookkeeper controller" for Coastal. Defendant's duties included making day-to-day financial decisions for Coastal such as paying Coastal's invoices. In this capacity, defendant had full authority to sign checks drawn upon Coastal's bank account. In 2003, Mr. Gomez directed defendant to close Coastal's BP charge cards;

she failed to do so and these cards remained open and charges continued to be incurred on them. By 2007, Mr. Gomez had noticed some financial irregularities. Among other issues, Mr. Gomez discovered that Coastal had been paying for the BP charge cards that he had previously ordered defendant to close and for AFLAC insurance for defendant. When Mr. Gomez confronted defendant with the irregularities, she stated that "she meant to pay every bit of it, and it's just that they are so tight at her house, and her husband doesn't make enough money, and she has to work so many jobs." Defendant offered to pay Mr. Gomez $15,000.00. The evidence showed that defendant misappropriated a total sum of $116,885.77. A jury found defendant guilty of embezzling more than $100,000.00. Defendant was sentenced to 73 months to 97 months imprisonment. Defendant appeals.

## II. Motion in Limine

**[1]** Defendant first contends that the trial court erred in denying her motion in limine to exclude evidence related to BP charge cards and AFLAC insurance. "When reviewing a trial court's ruling on a motion *in limine*, this Court's standard of review is abuse of discretion." *State v. Wilson*, 183 N.C. App. 100, 103, 643 S.E.2d 620, 622 (2007), *modified and aff'd*, 362 N.C. 162, 655 S.E.2d 359 (2008).

### A. BP Charge Cards

Defendant contends that because the evidence does not show that defendant was personally physically entrusted with the BP charge cards and that she personally incurred the charges by physically using the charge cards, the State failed to prove embezzlement.

The essential elements of embezzlement are:

> (1) the defendant, older than 16, acted as an agent or fiduciary for his principal, (2) he received money or valuable property of his principal in the course of his employment and through his fiduciary relationship, and (3) he fraudulently or knowingly and willfully misapplied or converted to his own use the money of his principal which he had received in a fiduciary capacity.

*State v. Newell*, 189 N.C. App. 138, 140-41, 657 S.E.2d 400, 403 (2008).

Defendant's argument misapprehends the charges against her: she was not charged with wrongfully possessing the BP charge cards themselves; she was charged with misapplication of her employer's funds by paying bills she knew to be not for Coastal's benefit and specifically not

authorized by her employer. Defendant does not dispute that the State's evidence shows that defendant paid BP bills which she knew were not authorized by Coastal or for Coastal's benefit with Coastal's funds. An embezzlement charge against defendant required the State to show fraudulent or knowing misapplication of "money . . . of [defendant's] principal . . . which [defendant] had received in a fiduciary capacity;" the State did not also need to show that defendant converted Coastal's funds to her own use, although the evidence does indicate that she did. *Id.* Here, the evidence shows that defendant "willfully misapplied" her employer's funds by paying BP bills which she knew were incurred without Coastal's authorization on accounts she was instructed to close. *Id.*

Defendant also contends the evidence regarding BP was irrelevant, unfairly prejudicial, confusing and misleading to the jury. For the reasons noted above, the evidence was certainly relevant, and certainly prejudicial to defendant, but not unfairly so. *See* N.C. Gen. Stat. § 8C-1, Rule 401 (2007). We fail to see how this evidence may be confusing or misleading. The trial court properly exercised its discretion in its denial of defendant's motion in limine. *Wilson,* 183 N.C. App. at 103, 643 S.E.2d at 622.

B.   AFLAC Insurance

Defendant also claims that

> the conduct of the defendant alleged to constitute embez-zlement is the failure to deduct from her compensation for AFLAC premiums paid by the company. This is inconsis-tent with the charge of embezzlement which requires the affirmative act of converting to one's own use the asset of another while entrusted with it as an agent or employee of that other person or entity.

Contrary to defendant's argument, the State's evidence does show defendant's knowing or willful misapplication of Coastal's funds as to the AFLAC insurance. The State showed that defendant was in charge of the finances for Coastal; Mr. Gomez did not authorize defendant to pay for her personal AFLAC insurance with Coastal funds without a corresponding deduction from her own paycheck; when defendant was confronted about the financial discrepancies, she stated "she meant to pay every bit of it, and it's just that they are so tight at her house, and her husband doesn't make enough money, and she has to work so many jobs" and offered to pay $15,000.00.

Defendant also makes essentially the same arguments as to relevance, unfair prejudice, and confusion regarding the AFLAC insurance evidence as she made regarding the BP evidence, although with the AFLAC insurance, the personal benefit to defendant is obvious. Again, the evidence regarding AFLAC insurance was relevant in establishing the elements of embezzlement, *see Newell*, 189 N.C. App. at 140-41, 657 S.E.2d at 403, so the trial court properly determined that it was not irrelevant or unfairly prejudicial; nor did it confuse and mislead the jury. *See* N.C. Gen. Stat. § 8C-1, Rule 401. This argument is overruled.

### III. Motion to Dismiss

[2] Defendant also argues that the trial court erred in denying her motion to dismiss. "A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense." *State v. Johnson*, 203 N.C. App. 718, 724, 693 S.E.2d 145, 148 (2010). Defendant repeats her arguments that the State failed to show that she was personally entrusted with the BP cards or that she incurred each expense on the cards and that her failure to make a deduction from her own paycheck for her AFLAC insurance is not an "affirmative act" of embezzlement; for the same reasons as stated above, these arguments fail. Defendant also argues that without the evidence regarding the BP charge cards and the AFLAC insurance, the sum misappropriated by defendant is less than $100,000.00; while this may be correct, we have already determined that the evidence regarding the BP charge cards and AFLAC insurance was properly admitted and was evidence of embezzlement. As the State introduced substantial evidence of each of the elements of embezzlement, this argument is overruled.

### IV. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges STEPHENS and DILLON concur.